Jacqueline Wallach v. Commissioner.
Wallach v. Commissioner
Docket No. 23037.
United States Tax Court
1951 Tax Ct. Memo LEXIS 258; 10 T.C.M. (CCH) 410; T.C.M. (RIA) 51129; April 23, 1951
*258 The amount of petitioner's deductible loss due to theft in the year 1945 determined. Irwin Lehmann, C.P.A., 1450 Broadway, New York 18, New York, for the petitioner. Robert M. Willan, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion The respondent determined a deficiency in petitioner's income tax for the year 1945 in the amount of $1,539.81. The question is whether petitioner is entitled to any deduction under section 23 (e) (3) on account of the loss of certain of her jewelry by theft on May 11, 1945. Findings of Fact Petitioner is an individual living at 20 East 35th Street, New York, New York. She filed her individual income tax return for the year 1945 with the collector of internal revenue for the third district of New York. On May 11, 1945, petitioner's *259 room was burglarized and some articles of jewelry and a table model radio were stolen. Petitioner reported the burglary of her room to the New York City Police Department at 8:15 P.M. on May 11, 1945. At that time petitioner listed the following articles as missing: (a) A bracelet, yellow gold, 10 medals attached with the name "Jacqueline Goldschmidt" on each, being various championships for tennis. (b) Two earrings, 18 carat yellow gold, containing sapphires and diamonds. (c) One clip pin, 18 carat yellow gold, filigree work, containing 8 sapphires. (d) One necklace, snake chain yellow gold which contained sapphires and rubies. (e) One pin, yellow gold, that contained 8 rubies. (f) One necklace, yellow gold, face of woman on medal attached. (g) A radio, table model, Victor make. On May 22, 1945, petitioner made a supplementary report to the police department giving a more specific description of articles (b) and (d) listed in her original report as follows: Two earrings, 18 carat yellow gold, containing 7 sapphires and 8 diamonds. A necklace, snake chain, yellow gold, with 6 sapphires and 6 rubies. During the year 1945 petitioner was employed by the jewelry firm *260 of Van Cleef & Arpels, Inc., receiving $14,806.75 compensation. She worked as a sales lady for that company and in addition bought small pieces of jewelry and did some designing. Immediately prior to the burglary of her room on May 11, 1945, petitioner possessed a radio and the following articles of jewelry: Platinum aquamarine ring white gold, White gold aquamarine brooch rose diamond, White gold watch, Lapis Lazuli ring white gold, Gold bracelet with charm, Gold chain with medal, Gold single snake chain necklace with sapphires, rubies clasp, Lace sapphire gold clip, Pair matching sapphire earclips, Strand pearl necklace, Gold 2 round diamonds ring, Gold bracelet, Platinum diamond ring, Pair gold ruby earclips, Gold ruby clip, Steel watch, Radio, Sundry medals, Petitioner acquired some of the articles of jewelry which she possessed prior to May 11, 1945, by gift from her parents on her eighteenth birthday on February 16, 1929. She acquired other pieces of jewelry in her possession on May 11, 1945, by gift from her aunts at other times and some as tennis prizes over a period of years. Sometime in early 1945 petitioner asked L. Arpels of the firm for which she worked to appraise *261 her jewelry for purposes of insurance. L. Arpels made the following valuation on February 14, 1945, of petitioner's jewelry: 1
platinum aquamarine ring
$ 100
1
white gold aquamarine brooch
200
1
white gold watch
100
1
lapis lazuli ring
100
1
gold bracelet with charm
200
1
gold chain with medal
150
1
gold single snake chain necklace with
sapphires, rubies clasp
460
1
lace sapphire gold clip
500
1
pair matching sapphire earclips
550
1
strand pearl necklace
600
1
gold 2 round diamonds ring
600
1
gold bracelet
200
1
platinum diamond ring
1,200
1
pair gold ruby earclips
300
1
gold ruby clip
275
1
steel watch
100
In her tax return for the year 1945 petitioner claimed as a deduction the loss by theft of jewelry as follows: As reported to the 67th Street Police
Station, various objects of jewelry
belonging to taxpayer were stolen
at her apartment, 21 E. 62 Street,
N.Y.C.
The objects were not insured and, in-
cluded: 1
gold necklace with rubies and sapphire,
value
$ 350
1
pair of gold lace ear clips with sap-
phire and diamond
500
1
clip gold and sapphire
450
1
clip gold and rubies
350
1
gold bracelet, 1 platinum onix tour-
quoise ring; 1 aquamarine
ring; 1 aquamarine broche;
1 gold wrist watch; various tennis
medals, gold, etc., all above valued
2,000
1
radio Victor
30
Total
$3,680
The objects mentioned above have not
been recovered by the police.
*262 In examining petitioner's return for 1945 respondent disallowed the loss deduction. The petitioner lost by theft on May 11, 1945, the following articles: A bracelet, yellow gold, 10 medals attached with the name "Jacqueline Goldschmidt" on each, being various championships for tennis. Two earrings, 18 carat yellow gold, containing 7 sapphires and 8 diamonds. One clip pin, 18 carat yellow gold, filigree work, containing 8 sapphires. A necklace, snake chain, yellow gold, with 6 sapphires and 6 rubies. One pin, yellow gold that contained 8 rubies. A radio, table model, Victor make. Petitioner has not regained possession of those articles. She has not been compensated for the loss by insurance or otherwise. Petitioner's deductible loss on account of the theft of the jewelry and the radio was $2,000 and $30 respectively. Opinion HILL, Judge: The parties disagree first of all as to what articles were lost by theft on May 11, 1945. Respondent admits the theft, but claims that only those articles reported by petitioner to the police shortly after the theft, excepting the gold necklace with the medals attached, were stolen. The petitioner, on the other hand, claims that *263 other articles of jewelry were also lost by the theft. Our findings as to the items which were stolen is dispositive of this question. It is based upon the reports which petitioner made to the New York Police Department shortly after the theft. It is felt that her memory at that time was more accurate than at the hearing when she testified that some additional articles were also taken. It is true that at the time of the theft petitioner may have inadvertently left out some items by reason of the excitement, but upon a supplementary report which petitioner made some 12 days after the theft, she corrected and amplified the original report, but did not include any of the additional items which her testimony indicated were also missing. Our finding excludes one item reported to the police and described as "One necklace, yellow gold, face of woman on medal attached." Petitioner neither included that item in her tax return nor in her testimony as being lost by theft. The respondent also contends that the petitioner is not entitled to any deduction as a result of the theft in question because the jewelry "had no fair market value at the time said articles were acquired by the donors. *264 " The petitioner argues that all of the jewelry involved was given to her during 1929 and the basis for determining the amount of the loss was established at the hearing. Under the provisions of section 23 (c) (3), a taxpayer is allowed a deduction for loss of property by theft. Section 23 (i) provides that the basis for determining the amount of deduction shall be the "adjusted basis" as provided in section 113 (b) for determining the loss from the sale or other disposition of the property. Section 113 (b) directs that the adjusted basis for determining gain or loss from the sale or other disposition shall be the basis determined under section 113 (a), subject to certain adjustments. Section 113 (a) (2) provides as follows: "SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. "(a) Basis (Unadjusted) of Property. - The basis of property shall be the cost of such property; except that - * * *
"(2) Gifts after December 31, 1920. - If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that if such basis (adjusted for the period *265 prior to the date of the gift as provided in subsection (b)) is greater than the fair market value of the property at the time of the gift, then for the purpose of determining loss the basis shall be such fair market value. If the facts necessary to determine the basis in the hands of the donor or the last preceding owner are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis in the hands of such donor or last preceding owner shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner." From the above it appears that the law expressly fixes the amount of the deductible loss in all cases including loss by theft, fire, etc., as the cost or other applicable adjusted basis of the property rather than its value at date of the occurrence of the loss. However, the Supreme Court in Helvering v. Owens, et al., 305 U.S. 468, *266 determined that the measure of the loss by theft, fire, casualty, etc., on property not used in the trade or business or not held for the production of income is the difference between the fair market values of the property immediately preceding and immediately after the casualty or theft, but not in excess of the cost or other adjusted basis. In the Owens case, supra, the Supreme Court stated as follows: "* * * we think § 113 (b) (1) (B) must be read as a limitation upon the amount of the deduction so that it may not exceed cost, and in the case of depreciable non-business property may not exceed the amount of the loss actually sustained in the taxable year, measured by the then depreciated value of the property. The Treasury rulings have not been consistent, but this construction is the one which has finally been adopted." See also G.C.M. 16255 (C.B. XV-1, 115), and G.C.M. 21013, 1939-1, C.B. 101. We do not agree with the respondent's position that petitioner is not entitled to any deduction on the theory that she has failed to prove any market value. The expert witness who examined the jewelry in 1945 shortly prior to the theft to give it a value *267 for purposes of insurance said that he appraised it lower than its then market value. We thus think it apparent, considering the type of jewelry involved, that its 1945 value was not in excess of the cost or other adjusted basis as provided by section 113 (a) (2) of the Code. However, we can not accept petitioner's figure of $3,680 as the total loss on account of the theft. It will be noted that in petitioner's reported loss attached to her tax return she itemized pieces of jewelry which we can not find from the evidence were lost by theft. In addition petitioner lumped those items together with others which we have found were taken. Under these circumstances we can only make an approximation of the deductible loss. We therefore have found that she may deduct $2,000 for the loss of the jewelry and $30 for the loss of the radio. See Cohan v. Commissioner, 39 Fed. (2d) 540, 543. It follows that respondent erred in his determination. Decision will be entered under Rule 50.