Grace Coleman Carter v. Commissioner.
Carter v. Commissioner
Docket No. 31709.
United States Tax Court
1952 Tax Ct. Memo LEXIS 144; 11 T.C.M. (CCH) 691; T.C.M. (RIA) 52212; June 30, 1952
*144 Grace Coleman Carter, pro se. Robert F. O'Malley, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: This proceeding involves a deficiency in income tax for the year 1947 in the amount of $409.91. The issue is the amount deductible on account of a loss resulting from fire. Findings of Fact The petitioner was unmarried during the taxable year 1947. She was married in 1948 and her legal name is now Grace Coleman Carter. The petitioner's income tax return for 1947 was filed under the name of Grace Coleman Sherman with the collector of internal revenue for the district of West Virginia at Parkersburg, West Virginia. During 1947 petitioner was employed as a teacher at Bluefield State College, Bluefield, West Virginia, and lived in a faculty residence on the campus. In May 1947 a fire of undertermined origin occurred at the faculty residence. The fire destroyed considerable personal property belonging to the petitioner, consisting principally of her personal apparel and a small amount of furniture and room furnishings. The petitioner carried no insurance on her personal property. On her 1947 return the petitioner reported *145 salary from Bluefield State College of $2,957.86. She claimed a casualty loss of $2,385 as a loss from the fire, representing the cost of some 115 items. Personal apparel costing approximately $675 was purchased by the petitioner within the 10 months preceding the fire. The balance of the personal property destroyed was acquired by petitioner over a period ranging from 4 to 12 years. In determining his deficiency the respondent allowed the amount of $243.79 as a casualty loss which, together with the allowance of $52 as charitable contributions, equaled the amount of the optional standard deduction. The value of petitioner's personal property destroyed by fire in May 1947 was $500. Opinion The respondent concedes that petitioner had a deductible loss from fire but contends that the loss did not exceed the amount of $243.79 which he has allowed. The amount of loss which is deductible under section 23(e)(3) of the Internal Revenue Code is the difference between the value of the property immediately preceding the casualty and its value immediately thereafter, but not in excess of an amount equal to the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468. *146 The evidence of petitioner does not technically meet such rule. The petitioner offered in evidence a list consisting of 115 items with an approximate cost at the time of acquisition of $2,438.09. However, the evidence does not show the value of the articles at the time of the fire. The petitioner testified that some of the apparel, having a value of approximately $675, was purchased after July 1946 when she suffered a loss of other apparel through theft from her automobile. As to the other items the petitioner was unable to state the date of acquisition, but testified they were acquired over a period of from 4 to 12 years. We have considered all the evidence as to the amount of petitioner's loss from the fire, and under the principle of Cohan v. Commissioner, 39 Fed. (2d) 540, have found that the value of the property at the time of its loss was $500. We hold that the petitioner in the taxable year 1947 is entitled to a deduction of the amount of $500 as a casualty loss under section 23(e)(3) of the Internal Revenue Code. Decision will be entered under Rule 50.