Frank R. Hinman v. Commissioner. Nannie Hinman v. Commissioner. Frank R. Hinman and Nannie Hinman v. Commissioner.
Hinman v. Commissioner
Docket Nos. 44875-44877.
United States Tax Court
1953 Tax Ct. Memo LEXIS 44; 12 T.C.M. (CCH) 1347; T.C.M. (RIA) 53374; November 30, 1953
George M. Bryant, Esq., Rowan Building, 458 South Spring Street, Los Angeles, Calif., and Walter M. Campbell, Esq., for the petitioners. Clayton J. Burrell, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the years 1946 and 1947, as follows: Docket No.
Year
Deficiency
44875
1946
$1,459.13
44876
1946
1,459.12
44877
1947
9,362.44
In Docket Nos. 44875 and 44876, the issue is whether the taxpayers *45 omitted from gross income for the year 1946 an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in their separate returns so that the five-year period of limitations, section 275 (c), I.R.C., applies. Petitioners contend that they did not omit 25 per centum from gross income and that, therefore, the determination of the deficiencies for 1946 are barred. Under this issue, the question is whether gain from the sale in 1946 of property known as Plymouth flat was understated due to incorrect computation of depreciation of the improvements on the property. In Docket No. 44877, the petitioners concede their liability for part of the deficiency. The only question to be decided is whether, in 1947, petitioners sustained a casualty loss in the amount of $12,875.08 within section 23 (e), I.R.C. Petitioners originally claimed a casualty loss of $20,000 which was deducted in their 1947 return. The Commissioner disallowed the entire deduction. Petitioners now concede that the amount of the loss which was deducted was overstated to the extent of $7,124.92. Findings of Fact Petitioners are *46 husband and wife. They resided in Los Angeles, California, during the taxable years 1946 and 1947. Petitioners filed separate returns for 1946, on the community property basis. They filed a joint return for 1947. The returns were filed with the collector for the sixth district of California. Docket Nos. 44875, 44876 Frank and Nannie Hinman filed their separate returns for 1946 on January 15, 1947. The notice of deficiency was mailed on July 24, 1952, which date was more than three years from the filing of the returns and extensions of time for the assessment of tax deficiencies. The gross income reported for 1946 was $28,442.50, one-half of which is $14,221.25, reportable on the community property basis. Petitioners failed to report the entire amount of capital gains which they should have reported from sales of two pieces of property in 1946. Taxable capital gain from the sale of property known as the Lockheed property was understated in the amount of $5,879.92, as determined by the respondent. Petitioners do not contest this determination. Petitioners sold a piece of improved property in 1946 known as the Plymouth flats. This property contained 4 dwelling units. From the *47 time the flats were completed on May 1, 1929 until they were sold in February 1946, one dwelling unit was occupied by petitioners and three were rented. The basis for depreciation of the flats is three-fourths of $18,300, cost, or $13,725. The respondent erred in his computation of the allowable depreciation in computing capital gain realized upon the sale of this property by failing to take into account the fact that one-fourth of the property was occupied throughout by petitioners. The total depreciation was only $5,875.06. The taxable gain was $2,243.68. In their returns for 1946, petitioners reported the taxable gain from the sale of the Plymouth flats as $2,019.21. They understated gain to the extent of $224.47. In auditing the returns for 1946, the respondent increased the capital gain by the amount of $1,646.53. This determination was incorrect to the extent of $1,422.05. The total, correct, unreported capital gain from the sales of the Lockheed and Plymouth properties was only $6,104.39, one-half of which, $3,052.90, is reportable by each petitioner on a community property basis. Twenty-five per cent of $28,442.50, the gross income reported by petitioners for 1946 amounts *48 to $7,110.50. Since the unreported capital gain is $6,104.39, it follows that petitioners omitted from gross income only 21,4622 per cent of the gross income which they reported in their separate returns. Since the increase in gross income for 1946 is less than 25 per cent of the amount of the gross income stated in the returns, the exception to section 275 (a), I.R.C., provided in section 275 (c), I.R.C., does not apply. The determinations of the deficiencies for 1946 are barred by the statute of limitations. docket No. 44877 In November 1942, petitioners bought a farm comprising 264.8 acres, located near Ames, Cloud County, Kansas, for $12,000. The Republican River constitutes a boundary of the property. In July 1947, a "flash" flood of the Republican River inundated the entire farm and washed away approximately 46 acres of land. The action of the flood was such as to wash out levees, fences, a great number of very old trees along the north and easterly boundaries of the farm which had always protected the property from serious flood damage, to cut new flood channels through the property surrounding the most valuable portions thereof, *49 to cut off top soil, and to deposit sand and noxious weeds. In addition to washing away 46 acres of land, the flood and the distribution of sand over the remaining land so greatly reduced the quality of the land for farming purposes as to leave only 109.4 acres, out of 264.8 acres, in a condition suitable for profitable farming operations. About 58 per cent of the farm land, 155.4 acres, was rendered valueless for farming, of which 46 acres were washed away. The farm buildings were rendered valueless by the flood. No salvage value existed in the buildings. The adjusted basis of the property before the flood was $12,875.08. The cost of the farm was $12,000; in 1942, $599.64 was expended thereon; in 1947, $1,455.54 was expended. A total of $2,055.08 was expended on improvements, which, added to the cost of the farm totals $14,055.08. Allowed and allowable depreciation on the property was $1,180. Before the flood, the soil of petitioners' farm was highly productive, and the farm won national contests for its productivity. The farm was choice farming property. The flood destroyed the high productivity of 155.4 acres of the farm, at least. The fair market value of the entire farm *50 property immediately before the flood was $30,000. The fair market value of the remaining farm property immediately after the flood was $12,600. The loss, in 1947, resulting from the flood was $17,400. The property was not insured against damages and losses from flood. Petitioners were not compensated by insurance, or otherwise, for the loss resulting from the flood. Opinion Docket Nos. 44875, 44876 Upon the facts, it is held that the 5 year period of limitations allowed by section 275 (c), I.R.C., is inapplicable, and that the deficiencies for 1946 are barred by the provisions of section 275 (a). Docket No. 44877 The flood of July 1947 was a casualty within the scope of section 23 (e) (3). Ferguson v. Commissioner, 59 Fed. (2d) 893. Respondent does not dispute that point. The loss, if any, was sustained in 1947. To that, respondent agrees. The only question, therefore, is the amount of the loss. After consideration of all of the record, including the testimony of expert witnesses, it is found that the petitioners sustained a loss of $17,400 in 1947. The rule is, however, that the amount of the deduction under section 23 (e) (3) may *51 not exceed the adjusted basis of the property. Obici et al. v. Helvering, 305 U.S. 468; G.C.M. 21013, C.B. 1939-1, p. 101. The deduction is, therefore, limited to $12,875.08. Petitioners agree. Petitioners deducted, as their casualty loss, $20,000. They now concede that the deduction was excessive to the extent of $7,124.92. The petitioners concede that the Commissioner correctly included in taxable income for 1947, unreported capital gain in the amount of $4,653.39. Part of capital gain was reported but was understated in the above amount. Decisions will be entered in Docket Nos. 44875 and 44876 that there are no deficiencies due for 1946. Decision will be entered under Rule 50 in Docket No. 44877.