A. CECIL SNYDER,<br>Chief Justice

I certify:
> IGNACIO RIVERA,
>> Secretary

FRANCISCO CRESCIONI BELGODERE, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 11245.  Argued November 9, 1954.—Decided August 16, 1955.

*José Trías Monge, Attorney General,* and *J. C. Santiago Matos* for appellant. *Elmer Toro Luchetti* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The question here is whether the taxpayer was entitled to deduct in his 1948 income tax return an alleged $1,400 loss as a result of an accident in which his automobile was involved. The Treasurer disallowed the loss and notified the taxpayer of a deficiency with respect thereto. After a trial on the merits, the Superior Court entered a judgment allowing the loss in the reduced amount of $1,100. The Treasurer appealed from this judgment.

■ Francisco Crescioni Belgodere, the taxpayer, was the only witness at the trial. His testimony was imprecise in several respects, but there is no dispute as to the facts to which he testified. In June, 1948 Crescioni purchased a second-hand Cadillac automobile for $2,400. Later in the year on a date which the taxpayer did not remember this automobile, which was not insured, was struck by a vehicle driven by an insolvent person, from whom Crescioni received $150 as partial payment for the damage to his automobile due to the collision. The witness did not remember the amount of money spent to repair the automobile after the accident. In December, 1948 the taxpayer, who had continued to use the car after it was repaired, sold the automobile for $1,000.[1]

Under § 16 (a) (6) of the Income Tax Act, a taxpayer is entitled to deduct as a loss the damages to his uninsured automobile—even though it is not used in a trade or business—resulting from an accident. *Helvering* v. *Owens,* 305 U. S. 468. Section 16 (a) (6) provides that the basis for determining the amount of the deduction shall be the same as provided in § 7 of the Act for determining the gain or

---

[1] The witness stated that the car " . . . continued to be in very bad condition, so I had to sell it."

loss from the sale or other disposition of property. Section 7 provides that the said basis shall be the cost of the property. And § 5(a) and (b) provides that in computing the said gain or loss proper adjustment shall be made for (1) any expenditure properly chargeable to capital account and (2) any item of wear and tear, obsolence, amortization, etc.

■■■■ Under the foregoing provisions of the statute, in the case of a non-business loss—unless the loss is total—the amount of the loss is the difference between the value of the property immediately before and its value immediately after the accident which occasioned the loss. *Helvering* v. *Owens*, *supra*; Miller, Casualty Losses, 8th Annual New York University Institute on Taxation, pp. 613–14, and cases cited. No testimony whatsoever was offered as to the value of the automobile on these two crucial dates. The taxpayer produced no expert testimony thereon; indeed, he did not even make an estimate himself of the value of the automobile before and after the accident.[2] His testimony showed only that he paid $2,400 for a second-hand automobile in June, 1948; that he had an accident at some unspecified date some months later; and that he sold the automobile in 1948 for $1,000. The record does not even show the cost of the repairs, except that the taxpayer was partially reimbursed therefor in the amount of $150. For all the record shows, the taxpayer may have made a bad bargain in either purchasing this second-hand automobile for $2,400 or in selling it for $1,000. Or he may have driven it to such an extent and in such a way that its market value in the natural course of events decreased from $2,400 to $1,000. His claim of $1,400—the difference between the purchase and sales price—as a loss attributable to the accident was clearly unwarranted. The finding of the trial court—that he suf-

---

[2] The trial court was aware of the need of such testimony, and it noted in its opinion that " . . . there was not presented the evidence there was to show both values with precision."

fered a loss of $1,250 [3] attributable to the accident—has no basis in the record. And we find no evidence on which we could hold that the taxpayer showed a specific amount as a loss resulting from the accident. See Miller, *supra*, pp. 615–17, and cases cited; *Valdés* v. *Tax Court*, 71 P.R.R. 670, 676; *Buscaglia, Treas.* v. *Tax Court*, 70 P.R.R. 384.

The judgment of the Superior Court will be reversed and a new judgment entered dismissing the complaint of the taxpayer.

---

[3] The trial court permitted a $1,100 deduction for this loss. To this must be added the $150 he received in partial compensation therefor.