S. F. Horn and Beryl Horn v. Commissioner.
Horn v. Commissioner
Docket No. 65432.
United States Tax Court
T.C. Memo 1959-37; 1959 Tax Ct. Memo LEXIS 212; 18 T.C.M. (CCH) 177; T.C.M. (RIA) 59037; February 26, 1959
*212 William Waller, Esq., for the petitioners. Raymond Whiteaker, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: The respondent has determined a deficiency in income tax for the taxable year ended December 31, 1953, in the amount of $4,446.42, which deficiency arises from respondent's disallowance of a loss resulting from the destruction of two trees by lightning. The respondent now concedes that the loss of the trees was a casualty within the meaning of section 23(e)(3) of the Internal Revenue Code of 1939, thus leaving as the only issue the amount of the casualty loss. Findings of Fact Petitioners S. F. Horn and Beryl Horn, husband and wife, reside in Nashville, Tennessee. The petitioners filed their joint Federal income tax return for 1953 with the director of internal revenue, Nashville, Tennessee. Prior to 1925, the petitioners searched the country area outside the city of Nashville for a site for a country home. They found a tract comprising 6.3 acres at the intersection of Woodlawn and Bowling Avenues on which there were a number of large forest trees and a beautiful stand of bluegrass. Petitioners later bought *213 the tract and the principal consideration in buying it was the fact that it had these trees on it, and two particularly large trees, one an oak and the other an elm, which were larger and taller than any other trees on the property. They built a 2-story dwelling house of stone and frame construction, colonial style, with 7 bedrooms, 3 1/2 baths, living room, dining room, den, library, kitchen, breakfast room, butler's pantry, and upper and lower halls. The house was so located on the tract of land that the view out of a wide window at the rear of the living room would look out on this large oak tree, 50 or 60 feet distant. The tree served to shade the house from the sun. The elm tree stood approximately 200 to 250 feet to the north side of petitioners' residence at the entrance of the Woodlawn Avenue driveway. The two trees were struck by lightning on July 9, 1953, and died as a result of their injuries. Prior thereto they were in firstclass condition in every way. The oak tree in question was 47 inches in diameter at breast height. The elm tree was approximately 36 inches in diameter at breast height. The oak tree was unusual in that it was practically perfect, being even, well *214 distributed, and well formed with no sharp crotches. The elm tree was exceptionally tall, with a limb spread above average for an elm tree and was clearly visible from any direction on Woodlawn Avenue. The home place of petitioners is in a highly desirable residential neighborhood not far from the city limits of Nashville, and the highest and best use of the land is now, and will remain, for residential purposes. Prior to the destruction of petitioners' oak and elm trees, their residence and land area had a fair market value of $67,500. After the loss of the oak and elm trees, the petitioners' residence and land area had a fair market value of $62,500. In their income tax return for 1953, the petitioners deducted $10,000 for the loss of the two trees. The petitioners are entitled to a deduction for the loss of the two trees of $5.000 for 1953. Opinion The respondent now concedes that the destruction of the two trees resulted in a casualty loss within the meaning of section 23(e)(3), Internal Revenue Code of 1939, thus leaving for decision the purely factual matter of the amount of the loss suffered. Opinion testimony was offered by both sides and, while such evidence is *215 advisory and not necessarily binding upon the Court, it should be given the weight that the knowledge and learning of the witnesses warrant. The trees which were destroyed have their value as a part of the home place of petitioners and not simply as trees, wherever located. It is well settled that the measure of the loss is the difference between the fair market value of the property immediately prior to the casualty and its fair market value immediately after the casualty, limited, of course, by the adjusted basis and diminished by any insurance recovered, and this we have found to be $5,000. Helvering v. Owens, 305 U.S. 468; W. F. Harmon, 13 T.C. 373, 383. A lover of trees may well place an esthetic value on the destroyed trees which may exceed the value here determined, but it is the loss which would be recognized in the market place with which we are concerned, and that too frequently is in a different amount. The determination of the Commissioner will be modified accordingly. Decision will be entered under Rule 50.