Clyde V. and Naomi T. Jackson v. Commissioner.
Jackson v. Commissioner
Docket No. 2834-63.
United States Tax Court
T.C. Memo 1965-56; 1965 Tax Ct. Memo LEXIS 276; 24 T.C.M. (CCH) 309; T.C.M. (RIA) 65056; March 18, 1965
*276 Held, that petitioners have not established that they are entitled to a deduction for a casualty loss, under section 165 of the Internal Revenue Code of 1954, for the taxable year 1959. Clyde V. Jackson, pro se, 371-61st St., Oakland, Calif. Leo A. McLaughlin, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in the petitioners' income tax for the taxable year 1959 in the amount of $175.34. The only issue presented is whether the petitioners are entitled to a casualty loss deduction in 1959 on account of damages to a garage. Findings of Fact The petitioners are husband and wife, residents of Oakland, California. They filed a joint income tax return for the taxable year 1959 with the district director *277 of internal revenue, San Francisco, California. Hereinafter Clyde V. Jackson will be referred to as the petitioner. Petitioner owns a house in Oakland, California, which is used as his personal residence. Adjacent to the house is a garage which petitioner also owns. The garage is 20 feet by 20 feet, is of wood frame, and has an asbestos roof, a middle partition, and two doors. The floor of the garage is a concrete slab. Petitioner carries fire and casualty insurance, in some undetermined amount, on both the house and the garage. In early 1959 the petitioner's house was damaged by a rainstorm. Petitioner's insurance carrier reimbursed him for the storm damage to the house. As a result of this storm, water accumulated around the garage and some water penetrated the garage through the roof. Sometime in the summer of 1959, petitioner noticed a one inch wide fracture in the concrete slab of the garage floor. This fracture was about 10 feet from the door of the garage, and ran across the entire garage floor. Petitioner did not file a claim with his insurance company for damages to the garage. On February 19, 1963, a real estate broker and appraiser submitted a report to the petitioner *278 in which he estimated that the cost of replacing the garage at that time would be $1,680. In their income tax return for the taxable year 1959, petitioners did not claim any deduction for a casualty loss. Opinion In his petition the petitioner claimed for the first time that he is entitled to a deduction for a casualty loss, under section 165 of the Internal Revenue Code of 1954, [1] for the taxable year 1959. The petition does not set forth the amount of loss or other details with regard thereto. However, at the trial it developed that the petitioner's contention is that in 1959 a rainstorm caused a crack in the floor of his garage, that such crack could not be repaired, making it necessary to replace the entire garage, thus causing him a loss of $1,200. *279 The burden of proof is upon the petitioner to show that he is entitled to the claimed deduction. He has not met this burden. In the first place we are not persuaded that the crack in the floor of the garage was caused by the rainstorm. The only evidence in this regard is the testimony of the petitioner who stated that since concrete does not wear out, "something had to have happened for the slab to break" and that in his opinion the storm caused the damage because "an accumulation of moisture got at the sub-base of the concrete and caused it to expand." However, he testified that he did not notice any damage to the garage immediately after the storm and that it was not until about the middle of that year that he noticed the crack in the floor. We are not satisfied from this testimony that the rainstorm caused the damage to petitioner's garage. However, even if we were to assume that the damage was caused by the storm, we would be constrained to deny the petitioner a casualty loss deduction since he has failed to show the amount of the loss. The measure of a casualty loss sustained is the difference between the value of the property immediately preceding the casualty and its value *280 immediately thereafter, limited, however, to the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468. Here the petitioner has not shown the value of the property before and after the storm, nor has he shown the cost thereof or its adjusted basis. The only evidence submitted by the petitioner is an appraisal report stating that the estimated cost of replacement of the entire garage in 1963 was $1,680. Clearly, any amount calculated with reference to replacement cost of the garage would not in and of itself be a proper measure of any loss sustained by casualty. Under the circumstances, we hold that the petitioner has not met his burden of showing that he is entitled to deduct any amount for 1959 as a casualty loss. Decision will be entered for the respondent. Footnotes
1. Section 165 reads in part as follows: SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. * * *↩