Manufacturers Hanover Trust Company, Robert G. Payne and Charles C. Parlin, as Trustees U/I 6/4/32 by Anne D. Dillon, as Grantor v. Commissioner.
Manufacturers Hanover Trust Co. v. Commissioner
Docket No. 1002-67.
United States Tax Court
T.C. Memo 1969-132; 1969 Tax Ct. Memo LEXIS 156; 28 T.C.M. (CCH) 692; T.C.M. (RIA) 69132; June 30, 1969. Filed Charles C. Parlin and Margaret Smith, 20 Exchange Pl., NewYork, N. Y., for the *157 petitioner. Irving Bell and Paul H. Frankel, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner trust's income tax for the year 1962 in the amount of $19,057.44. The sole issue is whether an amortization deduction, based on the cost of a life estate, should be reduced by that portion which is allocable to taxexempt interest income under section 265, I.R.C. of 1954. [1]
Findings of Fact All of the facts have been stipulated and they are so found. The taxpayer in this case is a trust created on June 4, 1932, ("June 4, 1932 Trust") by Anne Douglass Dillon for the benefit of her two children, C. Douglas Dillon and Dorothy D. Spivack. The successor trustees of the June 4, 1932 Trust in this case are Robert G. Payne, 693 Charles C. Parlin and Manufacturer Hanover Trust Company. At the time the petition was filed herein the residence of trustee Robert G. Payne was Long Island, New York; the residence of trustee Charles C. Parlin was Engelwood, New *158 Jersey, and the principal place of business of the trustee Manufacturers Hanover Trust Company was New York, New York. The trustees filed a 1962 fiduciary income tax return for the June 4, 1932 Trust with the district director of internal revenue Manhattan, New York. By instrument dated April 19, 1923, Anne Douglass Dillon created a trust ("April 19, 1923 Trust") the income from which was payable to the grantor for life. It provided Clarence Dillon, the grantor's husband and the father of C. Douglas Dillon and Dorothy D. Spivack, with a contingent remainder interest, i.e., that upon the grantor's death the corpus was to go to him "if he be then living." It also provided that if Clarence Dillon failed to survive the grantor that the corpus was to go to the children of the grantor and him. By instrument dated May 31, 1932, Clarence Dillon created a trust ("May 31, 1932 Trust") and assigned his contingent remainder interest in the April 19, 1923 Trust to the May 31, 1932 Trust. The sole asset in this trust on April 21, 1958, was this remainder interest. On April 21, 1958, while Anne Douglass Dillon was still alive, Clarence Dillon assigned to the June 4, 1932 Trust 72 percent of *159 his interests (a reserved life estate and a contingent remainder) in the May 31, 1932 Trust. In consideration of this assignment the June 4, 1932 Trust paid Clarence Dillon $1,232,730.18. This amount consisted of $700 plus 72 percent of the fair market value as of April 11, 1958 of the assets held by the April 19, 1923 Trust multiplied by a factor (.077035) representing the actuarial value of the assignor's interest in the May 31, 1932 Trust. On November 8, 1961, Anne Douglass Dillon died and was survived by Clarence Dillon who was then 79 years old with a life expectancy of 6.21 years. In November 1961, the June 4, 1932 Trust began amortizing $1,232,030.18 of the amount paid to Clarence Dillon on April 21, 1958. A straight line method of amortization, with a life expectancy of 6.21 years ($198,394.55 a year) was used. During 1962 the capital of the May 31, 1932 Trust was invested in stocks and in state and municipal bonds. During that year the June 4, 1932 Trust received $526,373.05 as its share of income from the May 31, 1932 Trust. Out of this amount, $58,291.79 was wholly exempt from the taxes imposed by Subtitle A of the Internal Revenue Code of 1954 and was not included *160 in the gross income reported by the June 4, 1932 Trust for 1962. The balance of the $526,373.05 was reported by the petitioners as dividends and long-term capital gains. The $526,373.05 received in 1962 by the June 4, 1932 Trust as its share of income from the May 31, 1932 Trust was neither distributed to the beneficiaries of the June 4, 1932 Trust nor considered by the petitioners to be "income" in the trust accounting sense (within the meaning of section 643(b) of the Internal Revenue Code of 1954). The petitioners considered the $526,373.05 to be a return of capital and did not include it in computing the deduction for distributions to beneficiaries, which was computed for 1962 as follows: Dividends
FullyTaxable
Total
Domestic dividends
$309
Taxable interest
$2,734.37
Trustee commissions
(203.29)
$309
$2,531.08
$2,840.08
An amortization deduction in the amount of $198,394.55 was claimed by the June 4, 1932 Trust on its 1962 income tax return under section 167(a)(2). Respondent determined in his notice of deficiency, dated December 23, 1966, that out of the $198,394.55 claimed as an amortization deduction $21,970.06 *161 is not allowable as a deduction pursuant to section 265 because it is allocable to the tax-exempt income in the amount of $58,291.79, and, thus, he determined a deficiency in the income tax of the June 4, 1932 Trust for 1962 in the amount of $19,057.44. Opinion The only issue before us is whether an amortization deduction based on the cost of a life estate and taken under section 167 should be reduced by that portion allocable to tax-exempt interest income under section 265. Section 265 provides, in pertinent part, as follows: No deduction shall be allowed for - (1) Expenses. - Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is 694 received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle. Respondent does not contest that the amortization deduction is allowable under section *162 167. He simply argues, despite this fact, that that portion of the deduction allocable to tax-exempt interest income is disallowed by section 265 as an "amount otherwise allowable under section 212" within the meaning of section 265. To support his argument he discusses the legislative history concerning these various sections and their predecessors to show that Congress intended to disallow by the enactment of section 265 that portion of the deduction in issue. He concedes on brief that "it can be argued that the position taken [by him] is inconsistent with the literal terms of section 265." The issue raised in this case is the same as the one recently decided by this Court on June 26, 1969, in Allen M. Early, 52 T.C. 560 (1969). There, as here, the taxpayers acquired a life estate in which a portion of the amortized cost of such estate was allocable to tax-exempt interest income, and respondent argued, as here, that the portion of an amortization deduction allocable to tax-exempt interest income is disallowed by section 265. The Court said in response to this argument that: Under the plain, unambiguous provisions of section 265, expenses allocable to taxexempt *163 interest income are disallowed only to the extent of amounts otherwise deductible under section 212. See Rev. Rul. 61-86, 1961-1 C.B. 41. It is not disputed that the amortized cost is deductible, if at all, under section 167(a)(2). See KIRO, Inc., 51 T.C. 155 (1968). Undeniably, the provisions of section 167(a)(2) are parallel to those of section 212, and a logical case may be made that section 265 should have included a reference to section 167(a)(2). "However, our present problem is to interpret the Act passed, not to determine what type of an Act could have been passed." Gellman v. United States, 235 F. 2d 87, 93 (C.A. 8, 1956). "It is not our responsibility to rewrite the statute. We must interpret it as we find it." Mary E. Burrow Trust, 39 T.C. 1080, 1091 (1963), affd. 333 F. 2d 66 (C.A. 10, 1964). We are not called upon to interpret a necessarily ambiguous phrase such as "capital assets," Corn Products Refining Co. v. Commissioner, 350 U.S. 46 (1955), or an imprecise economic concept such as "loss," Helvering v. Owens, 305 U.S. 468 (1939), which may be interpreted broadly or *164 narrowly according to the basic congressional purpose. Therefore, we find no occasion to resort to speculation as to legislative intent. The Court then held that that portion of the amortized cost of acquiring the life estate allocable to tax-exempt interest income is not disallowed as a deduction by section 265. The instant case is controlled by our decision in the Early case. We hold, therefore, that petitioner is entitled to a depreciation deduction for the year in issue for the full amortized cost of the purchased life estate. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩