**JENKINS PETROLEUM PROCESS CO. v. WESTERN OIL CORPORATION.**

No. 8.

District Court, D. Delaware.

Dec. 10, 1937.

Marvel, Morford, Ward & Logan, of Wilmington, Del., Henry H. Bond (of Donovan Bond & Leisure) and Frederick Schafer, all of Washington, D. C., for plaintiff.

William S. Potter (of Ward & Gray), all of Wilmington, Del., for defendant.

NIELDS, District Judge.

This is an action of debt on two judgments recovered in Oklahoma. Defendant has demurred.

Plaintiff's declaration contains two counts. The first count is based upon a judgment entered September 4, 1931, in the District Court of the United States for the Northern District of Oklahoma in favor of the plaintiff, and against Beckett Company, Inc., a corporation of the state of Nevada, in the sum of $39,670.56, with interest and costs. It is alleged the judgment is on account of royalties due to the plaintiff from defendant under a patent license agreement between said parties dated February 15, 1928, and that plaintiff has recovered nothing on the judgment. The count further alleges that the stock of the Beckett Company, Inc., consists of 20 shares, one-half owned by J. R. Travis and the other half by three persons who

own all of the stock of defendant; that four of the six directors of the Beckett Company, Inc., were directors of the defendant, and that the officers of Beckett Company, Inc., were the same as the officers of the defendant; by reason whereof, defendant had control over the Beckett Company, Inc., and the judgment obtained by plaintiff against Beckett Company, Inc., is a valid and subsisting judgment against the defendant.

The second count of plaintiff's declaration is like the first, except it is based on a different judgment. This judgment was obtained by plaintiff in the District Court of the United States for the Northern District of Oklahoma on September 30, 1932 against Beckett Company, Inc., for the sum of $4,568.50, with interest and costs. This judgment is also on account of royalties due plaintiff from Beckett Company, Inc., under a patent license agreement between the parties dated February 15, 1928.

To these two counts, plaintiff assigns the following grounds of demurrer: (1) That it appears that this action is based upon judgments obtained by the plaintiff against Beckett Company, Inc., and that defendant is not a party to said judgments; (2) that it does not appear that the judgments sued upon were entered against this defendant; (3) that it does not appear that the judgments sued upon were in any way the obligation of or binding upon this defendant; and (4) that it is alleged that Beckett Company, Inc., was the agent of the defendant, and therefore the judgments obtained against Beckett Company, Inc., constitute an election of remedies on the part of the plaintiff so as to bar a subsequent action against the defendant.

In its attempt to hold Western responsible for the judgment against Beckett plaintiff is relying on the so-called instrumentality rule. Under this rule corporate existence will be disregarded when it is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another corporation. The declaration does not present a case where the court should consider two corporations as one. It reveals the ordinary situation of two corporations with some common stockholders. Three stockholders owning one-half of the Beckett stock are stockholders and officers of Western. The instrumentality rule does not apply to this case.

Plaintiff is seeking to enforce a foreign judgment against an entirely separate and distinct person not a party to the judgment. An action on a judgment cannot be maintained against one not a party to it. Freeman on Judgments, § 1084. Pittsburgh & Buffalo Co. v. Duncan, 6 Cir., 232 F. 584.

The demurrer must be sustained.