**HELVERING, Commissioner of Internal Revenue, v. OBICI et ux.**

No. 4304.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

W. Croft Jennings, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for petitioner.

Edwin T. Coulbourn and G. A. Harris, both of Suffolk, Va., for respondents.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals. The facts are undisputed and are as follows: Respondents, husband and wife, acquired a boat, boat house and pier in the year 1925 at a cost of $5,025 for the boat house and pier, and $300 for the boat. In August, 1933, the property was totally destroyed by storm. The property was not used by the

respondents in a trade or business. The actual value of the property immediately prior to its destruction was $3,905 and it was this amount which the respondents originally claimed as a loss in their returns and the Commissioner allowed as a deduction. The respondents later claimed that the measure of loss was the cost of the property. The Commissioner denied the latter claim, and from the ruling of the Commissioner the respondents appealed to the Board of Tax Appeals. The Board overruled the Commissioner's decision and upheld the contention of the respondents. From this ruling the Commissioner has appealed.

The position of respondents is that loss on account of destruction of property not used for business purposes is allowable under Section 23(e) (3) of the Revenue Act of 1932, 47 Stat. 169, 180, 26 U.S.C.A. § 23(e) (3); that the basis for determining the amount of the deduction is prescribed by Section 23(g), 26 U.S.C.A. § 23(h) as the adjusted basis prescribed by Section 113(b), 26 U.S.C.A. § 113 note, for determining gain or loss from the sale or other disposition of property; that the adjusted basis prescribed by Section 113(b) is the cost (unadjusted basis) less wear, tear, obsolescence, amortization and depletion to the extent allowed (but not less than the amount allowable) under this act or prior income tax laws; and that, since no wear, tear, obsolescence or depreciation was allowable with respect to non-business property under any of these laws, the adjusted basis was the same as the unadjusted basis, i. e. the cost of the property destroyed, although it was worth less than cost at the time of its destruction. This position was the one taken by the Board and is sustained by the decision of the Circuit Court of Appeals of the Second Circuit in the case of Helvering, Commissioner, v. Owens, 95 F.2d 318.

■ With due respect to the decision of the Second Circuit, we do not feel able to follow it. Non-business property is consumed or worn out by use, just as is business property; but the depreciation resulting from use is not allowed as a deduction because it is in the nature of a personal and not a business expense. See Klein Federal Income Taxation 620 par. 21:9. When such property is destroyed after depreciation by use, the loss is manifestly not the original cost of the property, but its value at the time of destruction; and it is not reasonable to suppose that Congress in-

tended to permit deduction in excess of actual loss. If the loss here had been fully covered by insurance, respondents would have sustained no actual loss of any sort; and yet, under their interpretation of the statute, they would have been entitled to deduct a loss of $1,420. If the property had been an old automobile which had originally cost $2,000 but which was worth $100 at the time of destruction and for the loss of which they were fully compensated by insurance, they would have been entitled to a deduction of $1,900. This would be to allow as a deduction the depreciation of the property accruing in other years when there had been no loss whatever in the year of the return. It is clear that an interpretation of the statute which leads to such consequences should be avoided. Sorrells v. United States, 287 U.S. 435, 447, 53 S.Ct. 210, 214, 77 L.Ed. 413, 86 A.L.R. 249; United States v. Kirby, 7 Wall. 482, 19 L. Ed. 278; Hawaii v. Mankichi, 190 U.S. 197, 212-214. 23 S.Ct. 787, 47 L.Ed. 1016. And particularly is this true of a provision relating to deductions, which are allowable only where plainly authorized. Helvering v. Inter-Mountain Life Ins. Co., 294 U.S. 686, 688, 55 S.Ct. 572, 574, 79 L.Ed. 1227; New Colonial Ice Co. v. Helvering, 292 U. S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348.

■ The federal revenue laws have been consistent in allowing the deduction of only actual losses. See United States v. White Dental Co., 274 U.S. 398, 47 S.Ct. 598, 71 L. Ed. 1120; New Colonial Ice Co. v. Helvering, supra. To authorize deduction, the loss must be actual and present. Weiss v. Weiner, 279 U.S. 333, 335, 49 S.Ct. 337, 73 L.Ed. 720. It must be determined by practical tests. Burnet v. Huff, 288 U.S. 156, 160, 53 S.Ct. 330, 331, 77 L.Ed. 670; Lucas v. American Code Co., 280 U.S. 445, 450, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010. And only losses sustained during the year are deductible. United States Cartridge Co. v. United States, 284 U.S. 511, 520, 52 S.Ct. 243, 246, 76 L.Ed. 431; Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; Dayton Co. v. Commissioner, 8 Cir., 90 F.2d 767; Gowen v. Commissioner, 6 Cir., 65 F.2d 923. In view of the settled policy of the revenue laws not to allow depreciation of non-business property as a deduction and to permit deduction only of actual losses and only in the year sustained, it is hardly reasonable to suppose that Congress intended to allow a deduction as loss for the full

cost of non-business property destroyed, notwithstanding such property had been depreciated through use.

And we think that it sufficiently appears from the statute itself that it was not intended that the cost of property depreciated through use should be allowed as a deduction. It is the "adjusted" basis which is prescribed by 23(g), 26 U.S.C.A. § 23(h), as the basis for deduction and the adjusted basis is not cost, but cost adjusted to allow for exhaustion, wear and tear, obsolescence, etc. The provision of Section 113(b) (1) (B), 26 U.S.C.A. § 113 note, limiting such adjustment to the extent allowed, but not less than the amount allowable under that and prior revenue laws, was obviously intended to have reference to the gain or loss attributable to the sale of business property, as to which such depreciation was allowable as a deduction, not to loss attributable to the destruction of non-business property, as to which no such depreciation was allowable. Section 23(g) adopts the adjusted basis as the proper deduction for loss of property destroyed, not the unadjusted basis of 113(a), 26 U.S.C.A. § 113 note, which is cost.

It must be remembered that Section 23(g) prescribes the basis for determining losses, not merely with respect to non-business property, but also with respect to all losses incurred by individuals or corporations. Sections 23(e) and (f), 26 U.S.C.A. § 23(e, f). Only an insignificantly small part of such losses would occur as the result of the destruction of non-business property covered by 23(e) (3); and it probably did not occur to anyone to provide that the limitation on adjustment contained in 113(b) (1) (B) should not apply to adjustment of depreciation of non-business property for which deduction is claimed on account of loss. The rule is well settled, however, that in such case the statute should be construed as containing such exception where necessary to avoid a consequence which Congress clearly did not intend. Sorrells v. United States, supra; United States v. Kirby, supra. As said in the case last cited (7 Wall. page 486):

"All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of

the law in such cases should prevail over its letter."

For the reasons stated, the decision of the Board will be reversed and the cause will be remanded for further proceedings not inconsistent herewith.

Reversed.