## HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* OWENS ET AL.[*]

No. 180.   Argued December 9, 1938.—Decided January 3, 1939.

---

[*] Together with No. 318, *Obici et al.* v. *Helvering, Commissioner of Internal Revenue,* on writ of certiorari to the Circuit Court of Appeals for the Fourth Circuit.

*Mr. Norman D. Keller*, with whom *Solicitor General Jackson, Assistant Attorney General Morris*, and *Messrs. Sewall Key, Paul A. Freund*, and *W. Croft Jennings* and *Louise Foster* were on the briefs, for the Commissioner of Internal Revenue.

*Mr. Ewing Everett*, with whom *Mr. O. H. Chmillon* was on the briefs, for respondents in No. 180 and petitioners in No. 318.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The courts below have given opposing answers to the question whether the basis for determining the amount of a loss sustained during the taxable year through injury to property not used in a trade or business, and therefore not the subject of an annual depreciation allowance, should be original cost or value immediately before the casualty.[1] To resolve this conflict we granted certiorari in both cases.

In No. 180 the facts are that the respondent Donald H. Owens purchased an automobile at a date subsequent to March 1, 1913, and prior to 1934, for $1825, and used it for pleasure until June 1934 when it was damaged in a collision. The car was not insured. Prior to the accident its fair market value was $225; after that event the fair market value was $190. The respondents filed a joint income tax return for the calendar year 1934 in which they claimed a deduction of $1635, the difference between cost and fair market value after the casualty. The Commissioner reduced the deduction to $35, the difference in market value before and after the collision. The Board of Tax Appeals sustained the taxpayers' claim and the Circuit Court of Appeals affirmed its ruling.

[1] *Helvering* v. *Owens*, 95 F. 2d 318; *Helvering* v. *Obici*, 97 F. 2d 431.

In No. 318 it appears that the taxpayers acquired a boat, boathouse, and pier in 1926 at a cost of $5,325. In August 1933 the property, which had been used solely for pleasure, and was uninsured, was totally destroyed by a storm. Its actual value immediately prior to destruction was $3905. The taxpayers claimed the right to deduct cost in the computation of taxable income. The Commissioner allowed only value at date of destruction. The Board of Tax Appeals held with the taxpayers but the Circuit Court of Appeals reversed the Board's ruling.

Decision in No. 180 is governed by the Revenue Act of 1934;[2] in No. 318 by the Revenue Act of 1932.[3] The provisions of both statutes touching the question presented are substantially the same and we shall refer only to those of the 1934 Act. Section 23 (e) (3) permits deduction from gross income of losses "of property not connected with the trade or business" of the taxpayer, "if the loss arises from . . . casualty." Subsection (h) declares that "The basis for determining the amount of deduction for losses sustained, to be allowed under subsection (e) . . ., shall be the adjusted basis provided in section 113 (b)." Section 113 is entitled "Adjusted basis for determining gain or loss"; in subsection (a) it provides that "The basis of property shall be the cost of such property," with exceptions not material. Subsection (b), to which 23 (h) refers, is: *"Adjusted basis.*—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. (1) *General rule.*—Proper adjustment in respect of the property shall in all cases be made— (B) in respect of any period since February 28, 1913, for

---

[2] c. 277, 48 Stat. 680, §§ 23 (e) (f) (h) (l), 24(a)1, 41, 113; 26 U. S. C. §§ 23, 24, 41, 113.

[3] c. 209, 47 Stat. 169, §§ 23 (e) (f) (g) (h), 24(a)1, 113.

exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws."

The income tax acts have consistently allowed deduction for exhaustion, wear and tear, or obsolescence only in the case of "property used in the trade or business." The taxpayers in these cases could not, therefore, have claimed any deduction on this account for years prior to that in which the casualty occurred. For this reason they claim they may deduct upon the unadjusted basis,—that is,—cost. As the income tax laws call for accounting on an annual basis; as they provide for deductions for "losses sustained during the taxable year"; as the taxpayer is not allowed annual deductions for depreciation of non-business property; as § 23 (h) requires that the deduction shall be on "the adjusted basis provided in section 113 (b)," thus contemplating an adjustment of value consequent on depreciation; and as the property involved was subject to depreciation and of less value in the taxable year, than its original cost, we think § 113 (b) (1) (B) must be read as a limitation upon the amount of the deduction so that it may not exceed cost, and in the case of depreciable non-business property may not exceed the amount of the loss actually sustained in the taxable year, measured by the then depreciated value of the property. The Treasury rulings have not been consistent, but this construction is the one which has finally been adopted.[4]

*In No. 180 judgment reversed.*
*In No. 318 judgment affirmed.*

---

[4] Treasury Regulations 86, Arts. 23(e)–1, 23 (h) 1, 113 (b) 1; G. C. M. XV 1, Cumulative Bulletin 115–118.