**UNITED STATES of America, for the Use and Benefit of BRYANT ELECTRIC COMPANY, LTD., Plaintiff,**

v.

**AETNA CASUALTY & SURETY COMPANY, and Colonial Construction Company Ltd. and Sharpe Industries Inc. a Joint Venture a/k/a Colonial-Sharp Co., Defendants.**

United States District Court
S. D. New York.

May 8, 1961.

Julius Zizmor, New York City, for the United States.

Lord, Day & Lord, New York City, for Aetna Casualty. John F. O'Connell, New York City, of counsel.

THOMAS F. MURPHY, District Judge.

Defendant Colonial-Sharp Co., a Joint Venture consisting of defendants Colonial Construction Company Ltd., a Canadian corporation, and Sharpe Industries, Inc., a Missouri corporation, moves to dismiss the complaint on the ground that this

---

court does not have jurisdiction over the subject matter of the suit insofar as it relates to them. Parenthetically the other defendant, The Aetna Casualty & Surety Company, has already answered and makes no motion but asserts as a separate defense that this court has no jurisdiction.

The action is brought by the United States of America for the use and benefit of Bryant Electric Company, Ltd., a Canadian corporation, pursuant to the provisions of the Miller Act (40 U.S.C.A. § 270a–270d). It is alleged that the defendant Joint Venture was awarded a contract by the United States for the construction of Stop Gap Radar facilities and installation of water treatment facilities at a United States Air Force Base in Labrador, and that plaintiff performed services and supplied material at the request of the Joint Venture. It is conceded that the work to be performed under the contract was in fact performed in Labrador and that the contract was physically signed in the Southern District of New York. The defendant Joint Venture moved to dismiss because § 270b(b) provides: "Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, *in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere,* irrespective of the amount in controversy * * *."

Whether such provision relates to the venue of the court (see Texas Construction Company v. United States, 5 Cir., 1956, 236 F.2d 138) or to its jurisdiction (United States for Use and Benefit of Fairbanks & Morse Co. v. Bero Construction Corporation, D.C.S.D.N.Y.1957, 148 F.Supp. 295), the motion must be granted since this district obviously is not the district where the contract was to be performed and executed nor are we able, pursuant to 28 U.S.C. § 1406, to transfer it to the proper district since there are no United States District Courts in Labrador.

This is an order. No settlement is necessary.