UNITED STATES of America to Use and Benefit of BAILEY–LEWIS–WILLIAMS OF FLORIDA, INC., Plaintiff,

v.

PETER KIEWIT SONS COMPANY OF CANADA LIMITED and Perini Limited,
and
Indemnity Insurance Company of North America, Defendants.

Civ. A. No. 221–61.

United States District Court
District of Columbia.

June 7, 1961.

Dillon & Dillon, Walter E. Dillon, Jr., Washington, D. C., for plaintiff.

Geoffrey Creyke, Jr., J. Mitchell Brown, Washington, D. C., for defendants.

MATTHEWS, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. §§ 270a and 270b, wherein the "use plaintiff" sues to recover $63,-433.03 for painting, filling and taping work which plaintiff says it performed as subcontractor of the prime contractor, Peter Kiewit Sons Company of Canada Limited, on a certain building project of the United States. A contract was entered into on May 20, 1958, between the prime contractor and the United States for such building project consisting of the construction of family housing and other facilities at Goose Air Base, Goose Bay, Labrador, Canada. Pursuant to the Miller Act, the prime contractor as principal and the defendant, Indemnity Insurance Company of North America, as surety, executed a "Payment Bond" to the United States. A condition of this bond is prompt payment "to all persons supplying labor and material in the prosecution of the work provided for in said contract". This suit is on the bond, and the only defendant served with process is the surety.

It is alleged by plaintiff that its work was accepted by the prime contractor and by the United States, that the last date upon which labor was supplied on the project was July 26, 1960, and that on October 10, 1960, by registered mail, plaintiff notified the prime contractor of its failure to pay plaintiff a balance of $63,433.03.

The matter before the Court is a motion by the surety to dismiss the action.

As ground of the motion to dismiss the surety asserts that the court lacks jurisdiction over the subject matter or lacks proper venue, or that the complaint fails to state a claim upon which relief can be granted, and that, in any event, the action should be dismissed on the basis of forum non conveniens.

The surety further asserts that the complaint on its face shows that jurisdiction is claimed by virtue of the Miller Act and in addition that the work for which plaintiff is seeking payment was performed *outside* the United States and hence *outside* this judicial District whereas the Act expressly limits the right to sue thereunder to a suit in "the United States District Court for any district in which the contract was to be

performed and executed and not elsewhere".[1]

Consideration will first be given to the doctrine of forum non conveniens. Inquiry was made of counsel for the surety as to whether a suit on the bond is pending elsewhere, and as to what forum the surety would deem more convenient than this forum. The response was that no suit is pending elsewhere on the bond, that plaintiff should sue the prime contractor in the Canadian court where the work was performed and such contractor is located, that the claim "would be thus properly litigated in a forum which is well versed with the laws that govern the amount and validity of the claim", and that "once the claim has been reduced to judgment, then, if necessary, plaintiff could bring action upon this judgment against the surety wherever it can be found." [2]

Since two suits would be more circuitous than one and since the work was performed in Labrador and the prime contractor appears to be located elsewhere in Canada, and the principal office of the government agencies concerned with the subject contract are in this District and the surety is likewise in this District, it is not apparent that the procedure suggested by the surety would lead to a forum more convenient than this forum.

Moreover, the contract between the United States and the prime contractor seems not to support the view of the surety that resort should be had to Canada. A provision numbered 32 in the contract entitled "Governing Law" states:

"(a) It is expressly understood and agreed that *notwithstanding* the status of the parties hereto or *the place of execution of this contract, all matters* relating to the interpretation of or arising, out of or *in connection with the performance of this contract shall be governed by and determined in accordance with the laws* of the United States of America. (Emphasis supplied.)

"(b) It is agreed that no suit or other action shall be initiated by the contractor against the Government except in a United States Court of competent jurisdiction." [3]

The contention of the surety that the complaint should be dismissed because this judicial District is not one where the contract was to be performed and executed is a contention which the surety, if sued there, might make in each of the other judicial Districts of the United States. And if the surety were found and sued in Canada where the contract was to be performed and executed, it might then contend that the action should be dismissed because the Miller Act contemplates that suit be brought in a United States District Court, and no such court exists in Canada.

Attention is now directed to Section 1 of the Miller Act, 40 U.S.C.A. § 270a. It provides that before any contract, exceeding $2,000 in amount, for the construction of any public building or public work of the United States is awarded to any contractor, such contractor shall fur-

---

1. The quoted language is from subdivision (b) of Section 2 of the Miller Act, 40 U.S.C.A. § 270b(b) which reads in part as follows:

"*Every suit instituted under this section shall be brought* in the name of the United States for the use of the person suing, *in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere,* irrespective of the amount in controversy in such suit * * *."· (Emphasis supplied.)

2. There is authority for the proposition that an action on a judgment cannot be maintained against one not a party to the judgment. 50 C.J.S. Judgments § 878. Jenkins Petroleum Process Co. v. Western Oil Corporation, D.C., 21 F. Supp. 550.

3. The contract between the prime contractor and the plaintiff as subcontractor incorporates, among others, this provision of the contract between the prime contractor and the United States.

nish to the United States a payment bond for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the contract. In the instant case the contract is in the amount of $5,529,980 while the "payment bond" is in the amount of $2,500,000. By this bond the prime contractor and the surety are jointly and severally bound.

In subdivision (a) of Section 2 of the Miller Act, 40 U.S.C.A. § 270b, it is stated:

> "*Every person* who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor * * *shall have the right to sue on such payment bond* for the amount, or the balance thereof, unpaid at the time of institution of such suit *and to prosecute said action to final execution and judgment for the sum or sums justly due him * * *."*

(Emphasis supplied.)

There is set forth in subdivision (b) of this same section 2 the provision heretofore mentioned that every suit instituted under this section shall be brought in the United States District Court for any District in which the contract was to be performed and executed and not elsewhere.

 Contrary to the claim of the surety here, it is clear that each United States District Court has jurisdiction of suits on payment bonds by suppliers of labor and material on federal construction. Under the Constitution, Art. III, Sec. 2, the judicial power extends, among other cases, to such as arise under the laws of the United States, and to such as are between citizens of different States. Certainly the action here is one under a law of the United States and the plaintiff and the surety reside in different States. 28 U.S.C.A. § 1391(c). The provision in the Miller Act as to suit being brought in the United States District

Court where the contract was to be performed and executed relates to venue rather than to the power of the court to entertain suit. Such a venue provision confers a personal privilege on a defendant which may be asserted or waived at the election of the defendant, and is waived if, when sued in some district other than the one where venue is laid, the *defendant* enters an appearance without claiming such privilege. Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Texas Construction Co. v. United States, 5 Cir., 236 F.2d 138.

But in the instant case as already indicated the surety takes the position that venue is not laid anywhere in the United States, and that this suit must be dismissed.

The subject contract having been performed and executed in a foreign land, the question here is whether the right of the plaintiff to sue the surety on the payment bond is nullified by that provision in the Act that suit shall be brought in the judicial District of the United States where the contract was to be performed and executed and not elsewhere.

██ This question is to be viewed in its setting. The Miller Act provides for a payment bond, and as a result thereof the payment bond of the surety exists here for the protection of those who supplied labor and material including the plaintiff. The essence of the legislative policy is to give a claim under the bond in lieu of the lien upon land and buildings customary where property is owned by private persons. The statute and bonds given under it must be construed liberally. Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 380, 37 S.Ct. 614, 61 L.Ed. 1206. There is no language in the statute nor in the bond whereby the right to sue on the bond is restricted to federal public work having the United States as its situs. On the contrary, *every person* supplying the contractor with labor or material in the prosecution of the work provided for in the contract is given the right to sue on the bond without limita-

tion as to whether the public project involved is within or without the United States.

Undoubtedly where the contract is to be performed and executed in a particular judicial District of the United States then suit is to be brought in that District and not elsewhere. However, that formula for maintaining suit is meaningless and incapable of application where, as here, the contract was to be performed and executed in a foreign land having no United States courts.

■■ It is a rule that where acceptance of the literal meaning of words in a statute leads to results which are absurd or futile or are unreasonable and plainly at variance with the policy of the legislation, the legislative purpose will be followed. Even though, superficially, the meaning of statutory words appears plain, aids to their interpretation may be resorted to in pursuit of the purpose. United States v. American Trucking Associations, Inc., 310 U.S. 534, 543–544, 60 S.Ct. 1059, 84 L.Ed. 1345. United States to Use and Benefit of Hill v. American Surety Co., 200 U.S. 197, 26 S.Ct. 168, 50 L.Ed. 437. Sorrells v. United States, 287 U.S. 435, 446, 53 S.Ct. 210, 77 L.Ed. 413. United States v. Ryan, 284 U.S. 167, 172, 52 S.Ct. 65, 76 L.Ed. 224. A construction of a statute which preserves its usefulness is to be preferred to another which does not. Armstrong Paint & Varnish Works Co. v. Nu-Enamel Corp., 305 U.S. 315, 333, 59 S.Ct. 191, 83 L.Ed. 195. In Helvering v. Obici, 4 Cir., 97 F.2d 431, affirmed Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292; it was held that a statute should be construed as containing an exception necessary to avoid a consequence which Congress clearly did not intend.

"A thing which is within the intention of the makers of the statute, is as much within the statute, as if it were within the letter." United States v. Freeman, 3 How. 556, 565, 11 L.Ed. 724. "The spirit as well as the letter of a statute must be respected, and where the whole context of a law demonstrates a particular intent in the legislature to effect a certain object, some degree of implication may be called in to aid that intent." Chief Justice Marshall in Durousseau v. United States, 6 Cranch 307, 313, 3 L.Ed. 232.

■ The conclusions of the Court are as follows: That the plaintiff as a supplier of labor and material on federal construction has been given by the Miller Act a right to sue the defendant surety on the payment bond;[4] that this court has jurisdiction;[5] that the Miller Act is highly remedial and is to be construed liberally to effect the object intended by Congress; that the provision in the Act that suit be brought "in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere" relates to venue [6] and is controlling when capable of application; that the formula for the place of suit as set forth in the venue provision is meaningless and incapable of application here; and therefore that the said venue provision should be construed as containing an exception in respect of suit such as this where the contract was to be performed and executed in a foreign country having no United States District Court.[7] Accordingly it is the view of the Court that the instant suit is maintainable.[8]

The motion to dismiss will be denied. An appropriate proposed order to that effect should be submitted.

4. Subdivision (a) of Section 2 of the Miller Act, 40 U.S.C.A. § 270b.

5. Constitution, Art. III, Sec. 2. See also 28 U.S.C.A. § 1391(c).

6. Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 43 S.Ct. 230, 67 L.Ed. 443; Texas Const. Co. v. United States, 5 Cir., 236 F.2d 138.

7. Helvering v. Obici, 4 Cir., 97 F.2d 431, affirmed Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292.

8. I am aware that this ruling is contrary to the ruling in United States for use of Bryant Electric Co., Ltd. v. Aetna Casualty & Surety Co., D.C., 196 F.Supp. 106.