DANIEL B. KENERLY and ANN M. KENERLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kenerly v. Commissioner
Docket No. 7345-73
United States Tax Court
T.C. Memo 1975-139; 1975 Tax Ct. Memo LEXIS 233; 34 T.C.M. (CCH) 644; T.C.M. (RIA) 750139; May 12, 1975, Filed Arthur P. Tranakos, for the petitioners. Maurice W. Gerard, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: The respondent determined a deficiency of $4,208.44 in petitioners' federal income tax for the taxable year 1969. The sole issue in controversy is the amount of the casualty loss deduction allowable under the provisions of section 165, Internal Revenue Code of 1954, [1] to petitioners by reason of the destruction of their household contents in a fire which destroyed their residence. *234 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioner, Daniel B. Kenerly (hereinafter petitioner), and Ann M. Kenerly are husband and wife who resided in Lawrenceville, Georgia at the time of the filing of their petition herein. Petitioners filed a joint federal income tax return with the internal revenue service center, Chamblee, Georgia for the calendar year 1969. Petitioners also filed joint federal income tax returns for 1966, 1967 and 1968. Petitioner was in the trade or business of being a real estate broker. On January 26, 1969, petitioners' residence located on Gloster Road, Route 3, Lawrenceville, Georgia and its household contents were destroyed by fire. The only items of value salvaged from the fire were remnants of petitioner's coin collection and a copper pot with values of $2,000 and $5, respectively. On January 31, 1969, petitioners received a check for $80,000 from their insurance company representing payment for "damages to the dwelling only." Just prior to the fire petitioners' home had been reappraised by their *235 insurance agent with the result that the coverage was increased to $80,000. The policy also included a maximum of $40,000 coverage for household contents. During the days following the fire petitioners prepared an inventory of household contents. The inventory was prepared from memory by recalling the contents of each room of the house. The inventory list is 20 pages long and includes approximately 750 items. The list gives the fair market value of clothing as $12,000, a coin collection as $24,700, a set of bull horns as $5,000, and the cost value of the other items. The latter residual group includes antique items which are included at their cost. Petitioners owned all the items on the inventory except for some maps used in petitioner's real estate business on loan from Gwinnett County for which he made reimbursement. The inventory list is complete except for a provision for rugs and carpets and a cost value for three briefcases. The cost value for these items is $1,800 and $250, respectively. Petitioner and his family moved into the home in September, 1965. At that time the rugs and carpets and the major appliances, including the washer, dryer, and refrigerator were purchased. *236 The furniture was purchased over several years up to the time of the fire. Petitioners' inventory list was prepared at the request of their insurance agent to facilitate the processing of their claim. In February, 1969 petitioners received an additional check from their insurance company in the amount of $40,000 which was marked for "contents destroyed by fire". This amount was paid based on the aforenoted inventory list without any independent verification of the items on the list by the insurance company. The inventory list also was the basis for the casualty loss deduction taken by the petitioners on their 1969 tax return, and the loss was calculated as follows: Total of Items on Inventory List
$65,654.65
Plus 3 percent Sales Tax
1,969.64
$67,624.29
Less 5 percent Depreciation
3,381.21
$64,243.08
Insurance Reimbursement
40,000.00
$24,243.08
Loss of Coin Collection $24,700.00
Salvage Value 2,000.00
22,700.00
Total Casualty Loss
$46,943.08
Limitation
100.00
Net Casualty Loss
$46,843.08 On brief petitioners concede that their claimed loss should be reduced to reflect the lower cost values of the coin collection ($11,700) and the bull horns *237 ( $500). Respondent has disallowed petitioner's claimed casualty loss since "* * * it has not been established that any deductible loss was sustained during the taxable year." OPINION On January 26, 1969 petitioners' home and household contents were destroyed by fire. The sole issue presented for our determination is the amount of the loss sustained by petitioners on the destruction the household contents. When nonbusiness property is destroyed by fire, the proper measure of the loss sustained is the difference between the value of the property immediately before the casualty and its value immediately thereafter, not to exceed its cost or other adjusted basis, and diminished by the amount compensated for by insurance and by the statutory $100 limitation. Sec. 165, Sec. 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens,305 U.S. 468, 471 (1939), Edmund W. Cornelius,56 T.C. 976, 979 (1971). Under this standard respondent believes that petitioners' total loss should be $40,153.53, leaving them with only a nominal deductible loss after the insurance reimbursement and the statutory limitation are considered. Respondent's figure reflects the lower *238 cost value of the coin collection and the bull horns, a reduction for possible inflation of the values of items on the inventory list, and a further reduction of the cost prices on the inventory list to have them reflect their depreciated or actual value at the time of the fire. Petitioners' inventory list, compiled shortly after the fire, is based on their memory of the items in their home and their original cost. Besides their own testimony, the record includes the testimony of others who had been in the petitioners' home and generally verified the list as being accurate. There is also the testimony of petitioner's former employer, a former appliance store owner, who agreed with thecost prices for the various home appliances on the list. We believe that petitioners' inventory list and the amounts assigned to each item should be given some weight. However, the list was prepared for insurance purposes and some adjustments to it are necessary to determine petitioners' loss under section 165. From the very nature of the list, made up of some 750 items as it is, detailed adjustments are impossible, but the evidence in the record indicates that some adjustments are appropriate. *239 Included in petitioners' loss is $1,969.64 which represents state sales tax paid on the items that constitute their inventory. Petitioners' earlier tax returns show that they had previously deducted amounts for state sales tax in arriving at their tax liability for those years, thereby reducing their cost basis in these various items. Furthermore, petitioners have not shown that the Georgia state sales tax was in effect during all of the years in which their possessions were acquired, or that the sales tax was applicable to every item. We believe this amount should be eliminated from the loss total. Petitioners claimed loss includes the coin collection and the bull horns at their fair market values of $24,700 and $5,000, respectively. Their cost values $11,700 and $500, respectively, are lower and, as conceded by petitioners, these latter values must be used in the determination. The inventory list includes real estate maps used in petitioner's real estate business. One set of maps was on loan from Gwinnett County for which petitioner had to reimburse the county. Petitioner cannot claim a casualty loss for this item since he had no basis in these maps. Section 165(b). However, *240 he would be entitled to a section 162 trade or business expense for his reimbursement. Petitioner did own the other set of maps and it can be a part of his casualty loss. However, petitioner's tax returns show that in computing his income from his real estate business he took ordinary expense deductions for the cost of the maps. Petitioner has not shown that the maps on his inventory list were not included in his real estate business expenses. We believe that to allow petitioner an additional trade or business expense or a casualty loss would result in a double benefit. The maps on loan ( $160) and the personally owned maps ( $350) then must be eliminated from this determination. The inventory list did not include a provision for rugs and carpets or a cost value for the briefcases. At trial petitioner claimed the existence of the rugs and carpets and set its cost value at just under $2,000. We believe this claim is reasonable and that this item should be included in petitioners' loss at a cost figure of $1,800. We also find that the cost value for the briefcases at $250 is reasonable. At this point petitioners' total loss is $72,389.65 which allows for a salvage value of $2,005. *241 This loss is comprised of the coin collection ($9,700), clothing ($12,000), the bull horns ( $500) and all other items ($50,189.65). Believing that second-hand clothing does not have substantial value we feel required to reduce the depreciated clothing figure of $12,000 to $6,000. The figure of $50,189.65 reflects petitioners' cost basis in these various items and a final adjustment is necessary to reduce this figure to its value immediately preceding the fire. The items in this residual category were acquired over a period of time. Some items, including the major home appliances, were acquired when the house was first occupied in September, 1965. Other items, including the furniture, were acquired gradually up to the time of the fire. This category also includes antique items that, although appreciated in value, were listed at their original cost. Taking into consideration all the evidence in the record, we believe the value of these items in the residual category immediately preceding the fire was $39,500. [2]
Petitioners' total loss then attributable to the destruction of their household contents is $55,700. This *242 amount must be reduced by the insurance reimbursement of $40,000 and the statutory limitation of $100 leaving them with a net deductible casualty loss of $15,600. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.↩
2. Cf. Howard Scharf,T.C. Memo. 1973-272↩.