DON P. ANDERSON and DORIS ANDERSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 3489-78.
United States Tax Court
T.C. Memo 1982-555; 1982 Tax Ct. Memo LEXIS 189; 44 T.C.M. (CCH) 1210; T.C.M. (RIA) 82555; September 23, 1982. Stephen A. Irving, for the petitioners. Cynthia M. Odle-Schlechty, for the respondent. *190 SCOTT
MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1975 in the amount of $3,160.40. The issue for decision is whether petitioners are entitled to a deduction for a theft loss in 1975 and, if so, the amount of such deduction. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Knoxville, Tennessee, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1975 with the director of the Memphis Service Center in Memphis, Tennessee. During 1975, Don P. Anderson (petitioner) was a construction superintendent or project manager for Ruscon Construction Company. Petitioner did surveying and engineering work for that firm. Sometime in 1975, a tool shed at the Cherokee Bluff field office of Ruscon Construction Company was broken into and surveying transits and accessories, magnifying glasses and plum-bobs, and surveying rods and chains, and a box of miscellaneous carpentry and layout tools belonging to petitioner were stolen. The *191 theft was reported to the Sheriff of Knox County. At another time during the year 1975, a house on Cecil Johnson Road, which was in the name of Mrs. Anderson's father but was owned by petitioner and used by him in his construction business, was broken into and various items of construction equipment were stolen. This equipment had been purchased by petitioner during the years 1967, 1968, 1969, 1972, and 1974. A report on this theft was made to the Knoxville Police Department. The report to the Police Department listed the following items as being reported as stolen from the break-in of the Cecil Johnson Road property: 1. Duo-Fast nail gun 2. Roll-air air compressor 3. Power saw and Skil saw, Craftsman 4. Porta-saw, Black & Decker
5. Spray gun, Brinks 6. Movie slide projector 7. Amp-probe The total value of the items stolen was shown as $3,500 on the police report. Also in 1975, petitioners' home, which was outside the city limits of Knoxville, was broken into and a gold watch which was approximately 100 years old and had been given to his wife by her father, an Elgin direct reading watch which petitioner had purchased in 1959, a Bunton field compass, *192 and three children's piggy banks containing some Kennedy silver half-dollars were stolen. The construction tools and equipment which were stolen from petitioner were used by him in his business. Petitioner had a number of the invoices for the various items purchased, and in pricing out the purchase price of the items he used the invoice prices which in many instances included finance charges and sales tax. Petitioner attempted to collect insurance on the various items of equipment which were stolen, but did not receive an insurance payment since the homeowners insurance carried on the house on Cecil Johnson Road did not cover business equipment, and the equipment at the Ruscon Construction Company was not covered by the insurance petitioner carried. Petitioners, on their Federal income tax return, claimed a deduction for a casualty loss in the total amount of $14,785, which they reduced by $100 and claimed a deductible loss of $14,685. Respondent, in his notice of deficiency, disallowed the entire claimed casualty loss with the explanation that, since petitioners had not established that a casualty or theft loss occurred and any loss was sustained, the claimed loss was disallowed. *193 OPINION Section 165(a)[1] provides that there shall be allowed as a deduction any loss sustained during the taxable year not compensated for by insurance or otherwise. Section 165(c) provides for a limitation on losses of individuals. This section provides that in the case of an individual the deduction under section 165(a) shall be limited to losses incurred in a trade or business or any transaction entered into for profit and losses not connected with a trade or business, if such losses arise from fire, storm, shipwreck or other casualty or from theft. In the case of losses not connected with a trade or business, the allowance is limited to the amount which exceeds $100 in the case of each casualty or theft loss. The record here is clear that the items which petitioners claimed to have lost from the theft from the house on Cecil Johnson Road and the theft at the Cherokee Bluff location were items used by petitioner in his construction *194 business. The items stolen from petitioner's home were personal items not connected with his trade or business. To the extent that petitioner can show the amount of the theft loss from the theft of items used in his construction business from the Cecil Johnson Road location and the Cherokee Bluff location, he is entitled to a deduction in full. Petitioner claimed a cost of approximately $8,000 for items stolen from the Cecil Johnson Road location. Petitioner produced the sales invoices to substantiate the cost of most of the items stolen from this location. However, these sales invoices included not only the cost of the items but also carrying charges and sales tax paid with respect to the items purchased, which amounts would have been deductible in the year in which they were paid. Therefore, the approximately $8,000 cost of these items is somewhat overstated. Also, some of the items were bought as early as 1964, others were bought in 1967, 1968 and 1969, and some in 1972 and 1974. All of the items are of the type that would be subject to depreciation. It is not clear whether petitioner actually claimed depreciation with respect to these various items. However, certainly *195 his basis in the items should be reduced by either the depreciation allowed or allowable. Section 1.1016-3, Income Tax Regs. Also, it is very doubtful that the fair market value of the items would be equal to their initial cost. Petitioner testified that the items were all in such good condition and the prices for replacement had increased so substantially that, in his opinion, even in used condition the items would be worth what they had initially cost. However, petitioner had never bought or sold any used construction equipment and, in fact, the testimony shows that a large number of the items which were stolen from petitioner were replaced with new items. We therefore conclude that petitioner's testimony as to the fair market value of the items is not adequate to support a conclusion that the fair market value of the items when they were stolen was equal to the initial cost of the items. From petitioner's testimony as to the condition of the items, it is reasonable to assume that they would be worth their basis or cost, without considering finance charges or sales tax, to petitioner less allowable depreciation. Unfortunately, the information as *196 to allowable depreciation is not clearly shown in the record. However, considering the nature of the items stolen from the Cecil Johnson Road house and their condition at the time of the theft, according to petitioner's testimony, we conclude that petitioner's cost of the items, less allowable depreciation, is approximately $3,000. This adjusted basis is the maximum petitioner is entitled to recover because of a theft loss, even though the fair market value of the items may be in excess of this amount. Section 165(b); C-Lec Plastics, Inc. v. Commissioner,76 T.C. 601 (1981). Cf. Helvering v. Owens,305 U.S. 468 (1939). Therefore we hold that petitioner is entitled to deduct $3,000 in 1975 as a business theft loss from the theft at the Cecil Johnson Road location. Petitioner testified that the two transits and the related items such as line pins, magnifying glasses, plum-bobs, survey rods and chains stolen from the Cherokee Bluff location had cost $4,000. He also testified that he had acquired these items in 1964. Petitioner testified that the exact *197 type of transits stolen were no longer made in 1975, but to replace the transits with transits he considered inferior would have cost substantially more than the $4,000 these transits had cost. Petitioner also testified in some detail about the box of miscellaneous carpentry and layout tools for construction which he stated had cost $500 and had a value at the time stolen of $500. Again, petitioner has totally overlooked the fact that he is not entitled to deduct any amount in excess of his adjusted basis in the property stolen. The transits were approximately 11 years old when stolen, and the age of the tools is not shown by the record. Insofar as this record shows, the tools might have no adjusted basis in excess of salvage value. Again using our best judgment, we conclude that the adjusted basis of the items stolen from the Cherokee Bluff location break-in was $1,000, and this is the amount that petitioner is entitled to deduct for that theft loss, regardless of the fair market value of the items stolen. The testimony with respect to the break-in at petitioner's home is very indefinite. The record is not completely clear that no part of this loss was covered by insurance. *198 The children's banks, which were stolen, petitioner stated contained "Kennedy silver dollars." However, when questioned in detail he stated that they may have been half dollars. Under these circumstances, it would appear that, instead of the $300 value, petitioner by his own estimate should have used $150. However, petitioner's estimate of the amount in the banks was too indefinite to support a conclusion that the amount was $150. Also, the gold pocket watch, which petitioner valued at $500, was a gift from his wife's father. The date of the gift is not shown, nor is her father's basis in the watch shown. Petitioner testified that the watch was 100 years old. The record contains no information from which we could make any reasonable judgment as to petitioner's basis in the 100-year-old gold watch. The record is also totally inadequate to supply a basis for a judgment as to the value of the Burton field compass stolen from petitioner's home or its basis to petitioner, or the value of the watch which petitioner purchased in 1959. Clearly petitioner's claim of $20 damage to a chest of drawers was a mere estimate. Based on this record, we conclude that petitioner has failed to *199 show a loss from the theft of personal items from his home in excess of $100. Since this theft was of nonbusiness property, the loss must be reduced by $100. We therefore conclude that petitioner sustained no deductible theft loss in 1975 because of items stolen from his home. Considering the evidence as a whole, we have determined that in 1975 petitioners are entitled to total deduction for business theft losses of $4,000 and no deduction from a theft loss of personal items. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩