GLADYS L. MCDONALD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ESTATE OF JOHN MCDONALD, DECEASED, C. F. CORNELIUS, PERSONAL REPRESENTATIVE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket Nos. 37673-84; 37694-84
United States Tax Court
T.C. Memo 1989-140; 1989 Tax Ct. Memo LEXIS 140; 56 T.C.M. (CCH) 1598; T.C.M. (RIA) 89140; March 30, 1989
Garry A. Pearson, for the petitioners. Gail K. Gibson and Douglas W. Hinds, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: In McDonald v. Commissioner,89 T.C. 293 (1987), we held that a joint tenant's interest in realty, for gift tax purposes, arose at the creation of the joint tenancy and that the joint tenant had to disclaim within a reasonable time from that creation to avoid gift tax consequences under section 25.2511-1(c), Gift Tax Regs. We accordingly held that the joint tenant's disclaimer following the death of the other joint tenant constituted a taxable transfer under section 2511. [1] In so holding, we did not follow Kennedy v. Commissioner,804 F.2d 1332 (7th Cir. 1986), revg. a Memorandum Opinion of this Court. The Court of Appeals for the Eighth Circuit decided "that the relevant transfer for purpose of the disclaimer provisions occurs at the death of the joint tenant and not at the creation of the joint tenancy." McDonald v. Commissioner,853 F.2d 1494 (8th Cir. 1988). The Circuit Court reversed our holding and remanded for the purpose *142 of determining whether the disclaimer qualified under section 2518, the section in effect at the time of the joint tenant's death. More specifically, the Circuit Court held that "Although there is no question that [petitioner's] disclaimer was timely under this statute, the parties disagree as to whether the disclaimer otherwise qualified under [section] 2518." The disagreement concerns two of the jointly held parcels of property which we found were first acquired by petitioner in her own name and then conveyed to herself and decedent as joint tenants with right of survivorship. McDonald v. Commissioner,89 T.C. at 295. The parcels were purchased by petitioner in 1941 and 1943 and placed in joint tenancy in 1947. The remainder of the jointly held realty had been first owned by the decedent and then placed in joint tenancy with Gladys L. McDonald (petitioner). Section 2518, rather than section 2511, applies because of the Circuit Court's holding that the "relevant transfer" took place at the time of the decedent's *143 death. Respondent, relying upon Rev. Rul. 83-35, 1983-1 C.B. 234, contends that petitioner's disclaimer, with respect to the two parcels originally owned by her, was not a "qualified disclaimer" within the meaning of section 2518. Respondent's contention is based upon the reasoning that "the creator of her [own] survivorship interest * * * cannot thereafter disclaim said interest * * *." Petitioner's position appears to rely upon the holding that the transfer occurred at the time of death of the joint tenant when the survivorship interest could have passed to her. This theory assumes that each joint tenant owns an undivided interest, but that the survivorship interest does not pass until the time of a joint tenant's death or some other event, such as partition. The rationale in McDonald v. Commissioner,853 F.2d 1494 (8th Cir. 1988), reversing our holding in McDonald v. Commissioner,89 T.C. 293 (1987), compels us to agree with petitioner. See Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). Section 2518(a) permits *144 avoidance of a gift for tax purposes "if a person makes a qualified disclaimer with respect to any interest in property." Section 2518(b) defines a "qualified disclaimer" as: an irrevocable and unqualified refusal by a person to accept an interest in property but only if -- (1) such refusal is in writing, (2) such writing is received by the transferor of the interest, his legal representative, or the holder of the legal title to the property to which the interest relates not later than the date which is 9 months after the later of -- (A) the day on which the transfer creating the interest in such person is made, or (B) the day on which such person attains age 21, (3) such person has not accepted the interest or any of its benefits, and (4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes either -- (A) to the spouse of the decedent, or (B) to a person other than the person making the disclaimer. Section 2518(c)(1) treats disclaimers of undivided interests the same as other interests, so long as the requirements of section 2518(a) and (b) are met. The underlying principle of section *145 2518 is to treat the transfer creating the interest as if it had never occurred where the transferee makes a qualified disclaimer. In our first opinion we focused upon the language "the date on which the transfer creating the interest in such person is made." We decided that the day referenced was the one on which the joint tenancy was created. If that was the proper focus, then petitioner would have owned the two parcels because she would not have created the joint tenancy with the decedent. Accordingly, under our holding prior to the Court of Appeals for the Eighth Circuit's reversal, we would have agreed with respondent, because petitioner, in effect, would have been disclaiming an interest she already owned. The Court of Appeals for the Eighth Circuit in reaching an opposite result from our original opinion followed the rationale of the Seventh Circuit that: the gift of a joint tenancy with right of survivorship should be treated as more than one transfer * * *. One transfer is an undivided interest, given on the date the tenancy is created. Additional transfers occur on the death of other joint tenants. * * * [Kennedy v. Commissioner,804 F.2d 1332, 1336 (7th Cir. 1986).] *146 Under the Circuit Courts' rationale, petitioner and decedent were joint tenants at the time of the transfer (decedent's death). Under that rationale, the disclaimer concerned the survivorship interest being transferred (as a matter of law) to petitioner. Accepting the Circuit Courts' rationale as we must, [2] we agree, in this case, with petitioner that she is able to disclaim the survivorship interest. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references, except as otherwise noted, are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. See Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩ (1971).