LAWRENCE EARL COLBERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Colbert v. Commissioner
Docket No. 590-90
United States Tax Court
T.C. Memo 1992-30; 1992 Tax Ct. Memo LEXIS 32; 63 T.C.M. (CCH) 1818; T.C.M. (RIA) 92030; January 14, 1992, Filed *32 Decision will be entered under Rule 155. Lawrence Earl Colbert, pro se. Denise Dengler, for respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
In his notice of deficiency dated October 6, 1989, respondent determined a deficiency in petitioner's Federal income taxes for 1982 in the amount of $ 3,794 and an addition to tax under section 6651(a)(1) in the amount of $ 507. The issues for decision are: (1) Whether petitioner is entitled to certain rental expenses; (2) whether petitioner is entitled to additional medical and dental expenses in excess of those allowed by respondent; (3) whether petitioner is entitled to additional casualty losses in excess of those allowed by respondent; and (4) whether *33 petitioner is liable for the addition to tax under section 6651(a)(1). Some of the facts are stipulated and are so found. At the time he filed his petition herein, petitioner resided in Northridge, California. For convenience, we will discuss each issue separately. With respect to all of the issues, the general premise applies that respondent's determinations are presumed to be correct and petitioner has the burden of establishing error. Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and petitioner also has the burden of establishing he is entitled to all deductions claimed on his return. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). 1. Rental Expenses Petitioner's wife (now deceased) acquired real property located within the Central City area of Los Angeles, California, in 1956 prior to her marriage to petitioner. The cost of the property to petitioner's wife was $ 11,000. Petitioner inherited this property from his wife upon her death on April 30, 1980. At the time of her death, the property was appraised for inheritance tax purposes at $ 45,000. Petitioner's *34 wife initially rented the property for $ 130 per month. She did not raise the rent from the initial $ 130 during the period she owned the property. Petitioner continued to rent the property at the $ 130 rate after he inherited it. He paid property taxes of approximately $ 160 annually and insurance premiums of approximately $ 140 per year. Payments on a note on the property were $ 49 per month. Initially, petitioner maintained a separate bank account for the property. However, due to the small amounts involved, he discontinued this practice. Etta Mae James, petitioner's mother-in-law, managed the property for petitioner. Mrs. James lived in the same area in which the property was located. She collected rents for petitioner and remitted the amounts to him. Mrs. James secured renters for the property and employed local persons to perform repair work on the house. She paid these persons in cash and did not retain receipts. Petitioner wrote checks to Mrs. James during 1982. Petitioner paid Mrs. James to manage the property. Petitioner rented the property to a number of different persons described as "low income" during 1982. Also during this time, petitioner listed the *35 property for sale. At one point in 1986, petitioner secured a contract for the sale of the property. However, this sale did not materialize and at the time of trial the property had not been sold. In 1987, petitioner ceased renting the property to third parties and Mrs. James began residing there. Since that time, Mrs. James has resided at the property without charge. According to petitioner, the property has appreciated in value during the time he has owned it. Respondent disallowed the claimed rental expenses and depreciation deductions for failure to substantiate the claimed amounts, and also under section 280A. Specifically, respondent relies upon section 280A(d)(2)(C) which provides that rental for less than fair rental value constitutes personal use by the taxpayer. Petitioner counters that he was holding the property as an investment, with the intent of selling it for its appreciated fair market value. Petitioner did not argue that the rent charged for the property represented a fair rental. On this question, we conclude that petitioner is deemed to have had personal use of the property during 1982 since it was not rented at a fair rental during that year. Sec. 280A(d)(2)(C). *36 Petitioner's argument that he wanted to keep the property occupied while it was listed for sale does not affect this result. Petitioner did not establish that he attempted to rent the property at fair market rental. In fact, petitioner's expressed desire to rent to low income families at a reduced rental establishes that he deliberately rented the property at an amount less than fair rental value. Since rental at less than fair rental constitutes personal use under section 280A(d)(2)(C), petitioner's rental expenses for 1982 are limited as provided by section 280A(e)(1). Under section 280A(e)(1), the deduction for rental expenses, other than those deductions allowable whether or not the unit was rented, is limited to the amount determined by applying the following percentage to the total expenditures: Number of days rented at fair rental / Total number of days rented Petitioner claimed a total of $ 5,296 of rental expenses on his return, which respondent disallowed as not substantiated. Of this total, we find that petitioner substantiated $ 168 in real estate taxes, the deduction of which is otherwise allowable. Sec. 280A(e)(2); Bolton v. Commissioner, 77 T.C. 104 (1981), *37 affd. 694 F.2d 556 (9th Cir. 1982); secs. 1.280A-1(b) and 1.280-3(c)(3), Proposed Income Tax Regs., 45 Fed. Reg. 52401, 52405 (Aug. 7, 1980). Applying the above fraction (0/365) to other rental expenses claimed, petitioner is not entitled to any further deductions. Except as above noted, respondent's determination is sustained. 2. Medical Expenses
Petitioner claimed medical expenses on his 1982 return in the amount of $ 3,389. Respondent disallowed for lack of substantiation a total of $ 3,239. [2] During 1982, petitioner was supporting himself, his son, his mother, and his sister. [3] Petitioner's sister has multiple sclerosis and requires extensive medical assistance. Petitioner arrived at the figures on his return by asking his family members to estimate the amounts spent by each of them on medical items during the year. Petitioner maintained no records of these items, nor did he request such documents from his family members. Petitioner failed to present any evidence on this issue. A taxpayer is required to maintain records of deductible expenses and to substantiate the deductions claimed on a return. Since petitioner failed to do *38 so, we sustain respondent's determination. 3. General Sales Tax
On Schedule A, petitioner claimed a deduction in the amount of $ 913 for general sales tax. Respondent disallowed $ 462 of this amount for lack of substantiation. Petitioner did not present any records relating to this item, nor could he recall any purchases from which the sales tax may have arisen. Petitioner's testimony with respect to this item was otherwise general and vague. We therefore sustain respondent's determination. 4. Contributions
Petitioner deducted $ 2,976 in charitable contributions on Schedule A. Respondent disallowed $ 2,560 of this amount. Petitioner did not maintain any records of these contributions. After some urging from the Court, petitioner testified generally concerning cash contributions to California State University, the University of California at Los Angeles, various *39 churches, [4] an unidentified scholarship fund, and youth organizations. Petitioner testified that he made these contributions in cash and that he did not retain the receipts "because it became a chore that I didn't want to -- I found that it was a nuisance." Respondent's determination with respect to the disallowed contribution amounts is sustained. 5. Casualty Loss
Finally, petitioner claimed a casualty loss in the amount of $ 2,566. Respondent allowed $ 1,750 and disallowed $ 816. The loss stems from the destruction of a 1973 Capri automobile owned by petitioner and driven by petitioner's son. Petitioner purchased the automobile "used" from a co-worker in the mid-1970s. In 1982, the automobile was vandalized and damaged extensively. Petitioner received an estimate of approximately $ 2,641 to repair the vehicle, but he did not have the vehicle repaired. Petitioner sold the automobile as salvage for $ *40 234. At the time the vehicle was damaged, the "blue book" value of the car was something less than $ 2,025. Petitioner apparently incurred towing charges in the amount of $ 115 to move the vehicle to a garage. Section 165(c)(3) allows a deduction to individuals for casualty and theft losses. The amount of a casualty loss to nonbusiness property is limited to the difference between the value of the property immediately preceding the casualty and its value immediately after the casualty, but not in excess of an amount equal to the cost or other adjusted basis of the property reduced by any insurance or other compensation. Helvering v. Owens, 305 U.S. 468, 471 (1939); Farber v. Commissioner, 57 T.C. 714, 718 (1972); sec. 1.165-7(b)(1), Income Tax Regs. The regulations allow, as an alternative, the cost of repairs as evidence of the loss of value. Sec. 1.165-7(a)(2)(i), Income Tax Regs. The cost of repairs method is not available to measure the amount of a casualty loss where the repairs were never actually made. Lamphere v. Commissioner, 70 T.C. 391, 396 (1978); Bagnol v. Commissioner, T.C. Memo. 1978-240. *41 On his return, petitioner listed the fair market value of the automobile prior to the casualty as $ 2,900. However, petitioner did not present any evidence with respect to the value of the automobile, nor did he present evidence with respect to the amount he paid for the automobile or the cost of any improvements he allegedly made to the automobile. Although respondent could not determine the precise "bluebook" value of petitioner's automobile in 1982, he did offer into evidence the 1982 listing for a 1976 Capri (the oldest Capri listed in the 1982 N.A.D.A. Official Used Car Guide). The retail value for a 1976 Capri in 1982 was $ 2,025. Since petitioner's automobile was an older model, we believe that it was worth no more than this amount in 1982. Petitioner has not established that he is entitled to any additional casualty loss over the $ 1,750 allowed by respondent. Respondent's determination is sustained. 5. Addition to Tax
Respondent determined that petitioner is liable for the addition to tax for late filing of his return under section 6651(a)(1). A defense to the imposition of this addition to tax on an untimely return is "reasonable cause" for the delay. "Reasonable *42 cause" has been interpreted as requiring the taxpayer to demonstrate that he used "ordinary business care and prudence" but nevertheless was "unable to file the return within the prescribed time." United States v. Boyle, 469 U.S. 241, 246 (1985), and authorities cited therein. Petitioner's 1982 Federal income tax return was due on April 15, 1983. Petitioner obtained a 4-month extension; however, he did not file the return until February 25, 1987. The return reflected that withholding taxes were paid and that a refund was due. Petitioner testified that he did not file a return within the extended period because he was due a refund and he did not believe that the Government was prejudiced by his failure to do so. We have held that a taxpayer's failure to file a timely return because he believed no taxes were due is not reasonable cause as required by section 6651(a)(1). Worm v. Commissioner, T.C. Memo. 1980-481; Fox v. Commissioner, T.C. Memo. 1975-64; Lowe v. Commissioner, T.C. Memo. 1955-150. Petitioner obviously was aware of the requirement to file a return since he obtained an extension for the *43 timely filing of that return. He has not otherwise demonstrated reasonable cause for his 3-year delay in filing his return. Accordingly, respondent's determination is sustained. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent allowed $ 150 of the claimed deduction. ↩
3. Petitioner claimed his mother and sister as dependents on the 1982 return.↩
4. Petitioner also claimed deductions for amounts given by his mother and sister to their churches.↩