WILBUR H. BIGELOW, JR. and CAROLYN I. BIGELOW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bigelow v. Commissioner
Docket No. 2277-76.
United States Tax Court
T.C. Memo 1979-375; 1979 Tax Ct. Memo LEXIS 151; 39 T.C.M. (CCH) 149; T.C.M. (RIA) 79375; September 13, 1979, Filed Wilbur H. Bigelow, Jr. and Carolyn I. Bigelow, pro se. Russell K. Stewart, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: Respondent determined deficiencies in petitioners' income tax as follows: Year
Deficiency
1968
$ 2,434.34
1972
1,346.75
1973
2,138.43
The deficiency in 1968 results from the disallowance of a loss carryback from casualty losses which allegedly were incurred in 1971. The issues for decision are: 1. With respect to 1971, whether respondent correctly determined petitioners' income and deductions for that year. Specifically, we must consider: a. Whether petitioners omitted gross income of $1,516.10; b. Whether petitioners incurred a casualty loss in excess of the $16,908.50 allowed *152 by respondent; c. Whether petitioners are entitled to deduct business expenses in excess of the amount allowed by respondent; and d. Whether petitioners are entitled to other itemized deductions in excess of the amounts allowed by respondent. 2. With respect to 1972, whether petitioners are entitled to itemized and business expense deductions in excess of amounts allowed by respondent. 3. With respect to 1973, whether respondent correctly determined petitioners' income and deductions for that year. Specifically, we must consider: a. Whether petitioners omitted gross income of $197.56; b. Whether petitioners were entitled to a sick pay exclusion of $895.72; and c. Whether petitioners are entitled to itemized and business expense deductions in excess of amounts allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their petition, petitioners were residents of Pennsylvania. 1971
In June 1972 the effects of Tropical Storm Agnes severely damaged petitioners' real and personal property located in Lock Haven, Pennsylvania. Among the items damaged was petitioners' *153 residence, which they had purchased in 1959 for $18,000. After the storm, the Small Business Administration appraised the losses, for which aid was sought by petitioner. The Smal Business Administration determined the real estate loss to be $10,878 and the personal property loss to be $7,085. A loan of $18,000 was granted to petitioners by the Small Business Administration, of which $5,000 was forgiven. Additionally, petitioner Wilbur H. Bigelow, Jr.'s stamp collection was destroyed by effects of the storm. On their amended tax return for 1971, petitioners claimed casualty losses from the storm of $24,150, a portion of which they carried back to their 1968 return. Petitioners' claimed loss consisted of real property damage of $13,900 and personal property damage totaling $10,350, less the $100 statutory exclusion. In his statutory notice, respondent determined that petitioners' casualty loss as a result of the storm was $22,008.50, consisting of real property damage of $10,900, personal property damage of $10,350, and loss of a stamp collection worth $758.50. From this loss respondent deducted $5,100, representing the amount of the Small Business Administration loan which was *154 forgiven and the $100 casualty loss statutory floor. Respondent determined that petitioners were allowed to deduct the difference ($16,908.50) in 1971. [1]
Additionally, respondent determined that petitioners were entitled to business expense deductions of $4,807.38, rather than $11,328.02 as claimed on their return.Petitioners had claimed other itemized deductions totaling $4,921.26 on their 1971 return, which respondent allowed to the extent of $3,381.52. Respondent disallowed the remainder of petitioners' claimed itemized deductions. Respondent also determined that a trip which petitioner Wilbur H. Bigelow, Jr.'s employer paid for in 1971 constituted compensation in the amount of $1,477.33. Petitioners also received dividend income from mutual funds of $38.77 in 1971 which they did not report on their return. 1972
On their 1972 tax return, petitioners claimed business expense deductions totaling $9,037.15 and other itemized deductions of $5,869.24. *155 In his notice of deficiency, respondent determined that petitioners were entitled to business expense deductions of $4,383.12 and other itemized deductions of $3,773.94 in 1972.
1973
In 1973 petitioners received interest income of $197.56 which they did not include in their return. Petitioners claimed a sick pay exclusion of $895.72 to which they were not entitled. On their 1973 return, petitioners claimed business expense deductions totaling $11,643.59 and other itemized deductions totaling $7,957.52. In his notice of deficiency, respondent determined that petitioners were entitled to business expense deductions of $4,934.69 and other itemized deductions of $3,022.83. OPINION The issues for decision in this case all concern whether respondent correctly determined petitioners' income and deductions for 1971, 1972 and 1973. These issues are entirely factual, and the burden of proof is on petitioners. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioners have failed to carry their burden here. In fact, petitioners did not present any evidence or specific details contradicting respondent's determinations. *156 Throughout the trial of this case we constantly urged petitioners to present the facts necessary to support their case. They consistently failed to do so. Specifically, with respect to 1971, respondent determined that petitioners received, but did not report, gross income of $1,516.10. Respondent further determined that petitioners were entitled to deductions for a casualty loss of $16,908.50, business expenses of $4,807.38, and other itemized deductions of $3,381.52. Petitioners did not present any specific evidence contradicting any portion of respondent's determination. [2] In fact, the evidence strongly indicates that respondent was, if anything, generous in his allowance of a casualty loss deduction, since the appraisal of damage by the Small Business Administration was less than the amount of loss determined by respondent. *157 With respect to 1972, respondent determined that petitioners were entitled to business expense deductions of $4,383.12 and other itemized deductions of $3,773.94. These determinations were not contradicted at trial by petitioners. With respect to 1973, respondent determined that petitioners received, but did not report, interest income of $197.56. Respondent determined (and petitioners conceded) that they were not entitled to a sick pay exclusion of $895.72 in that year. Respondent further determined that petitioners were entitled to business expense deductions of $4,934.69 and other itemized deductions of $3,022.83 in 1973. Again, petitioners did not present any evidence contradicting respondent's determinations. Petitioners claimed numerous itemized and business deductions for the years in issue. However, they failed to maintain or present the records necessary to support their claims. In our view, respondent has been very reasonable in his determinations as to the amount of deductions to which petitioners are entitled, and we uphold those determinations here. Decision will be entered for the respondent.
Footnotes
1. The deduction for damages caused by the storm was allowed in the year preceding the year in which the disaster occurred pursuant to section 165(h) of the Internal Revenue Code of 1954↩, as amended.
2. Petitioners presented evidence only as to the value, not the basis, of their stamp collection. Casualty losses are limited to the lesser of the taxpayer's basis in the property or the difference in the fair market value of the property before and after the casualty. Section 1.165-7(b)(1), Income Tax Regs.Helvering v. Owens,305 U.S. 468 (1939); Ternovsky v. Commissioner,66 T.C. 695↩ (1976). In this case, since petitioners' basis was less than the fair market value of the destroyed stamp collection, their loss is limited to the amount of their basis. Respondent's determination of their loss of the stamp collection, in light of the evidence presented, was clearly a reasonable estimate of petitioners' basis.