CHARLES E. GRACE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grace v. Commissioner
Docket No. 6569-72.
United States Tax Court
T.C. Memo 1975-226; 1975 Tax Ct. Memo LEXIS 142; 34 T.C.M. (CCH) 992; T.C.M. (RIA) 750226; July 14, 1975, Filed Charles E. Grace, Sr., pro se. Jack E. Prestrud, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1968
$ 825.85
1969
858.60
1970
1,223.19
The issue is whether petitioner has substantiated certain interest, casualty loss *143 and medical expense deductions claimed for 1968 through 1970. FINDINGS OF FACT Charles E. Grace, Sr. (hereinafter petitioner), resided in Cleveland, Ohio, when his petition was filed. Petitioner filed Federal income tax returns for 1968, 1969 and 1970 with the District Director of Internal Revenue, Cleveland, Ohio. Petitioner claimed interest expense deductions of $1,347.18 for 1969 and $1,395.41 for 1970, of which respondent allowed as substantiated $912.48 and $606.33, respectively. Petitioner submitted no evidence regarding interest expense deductions for 1969 and 1970 not already allowed by respondent. In May 1968, petitioner's residence was damaged by a windstorm. Petitioner claimed casualty loss deductions resulting from that windstorm of $4,299, $2,891.66 and $4,720 for 1968, 1969 and 1970, respectively; respondent disallowed these deductions as unsubstantiated. Petitioner submitted no evidence regarding the adjusted basis and fair market value of his residence immediately before and after the 1968 windstorm, or the occurrence of any additional casualty in 1969 or 1970. Petitioner claimed, and respondent allowed as substantiated, the following medical expenditures *144 for 1969 and 1970: Medical Expenses
Drugs
Claimed
Allowed
Claimed
Allowed
1969
$1,186.57
$448.57
$554.20
$404.49
1970
804.02
333.39
734.00
272.62 Petitioner submitted no supporting evidence for medical deductions not already allowed by respondent, except for $108 in cancelled checks paid to Cleveland Clinic in 1969, of which respondent had allowed $87. OPINION The issues are whether petitioner has substantiated certain interest, casualty loss and medical expense deductions claimed for 1968 through 1970. Respondent's determination is presumptively correct, and petitioner bears the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
The first issue is whether petitioner has substantiated interest deductions of $1,347.18 for 1969 and $1,395.41 for 1970. Interest paid or accrued on indebtedness within a taxable year is generally deductible. Section 163(a). [1] Petitioner, however, has not substantiated any interest payments not allowed by respondent. We therefore hold that $912.48 and $606.33 are allowable for 1969 and 1970, respectively, as determined *145 by respondent. The second issue is whether petitioner is entitled to casualty loss deductions for 1968, 1969 and 1970 for windstorm damage to his residence in 1968. An individual taxpayer may deduct losses resulting from a storm to property not connected with a trade or business. The amount of the deduction is the lesser of either the difference between the fair market value of the property immediately before and after the casualty or the adjusted basis of the property, diminished by the statutory limitation of $100 and by the amount compensated for by insurance or otherwise. Section 165; section 1.165-7(b)(1), Income Tax Regs.; Helvering v. Owens,305 U.S. 468 (1939). The deduction is allowed only for the taxable year in which the loss is actually sustained. Section 1.165-1(d)(1), Income Tax Regs. Accordingly, to substantiate a casualty loss deduction petitioner must prove, among other things, the adjusted basis and fair market value of the property immediately before and after the casualty. I. Hal Millsap, Jr.,46 T.C. 751, 759-760 (1966), *146 affd. on other issues, 387 F. 2d 420 (8th Cir. 1968). Petitioner submitted no evidence regarding his adjusted basis in the residence, the fair market value thereof immediately before and after the casualty, or the occurrence of any other casualty losses in 1969 or 1970. We therefore hold that petitioner's claimed casualty loss deductions of $4,299, $2,891.66 and $4,720 for 1968, 1969 and 1970, respectively, are disallowed. The last issue is whether petitioner is entitled to medical and drug expense deductions for 1969 and 1970 in excess of those allowed by respondent. An individual taxpayer may deduct medical expenses paid within the taxable year and not compensated for by insurance or otherwise, subject to certain statutory reductions. [2] Petitioner submitted cancelled checks substantiating payments in 1969 of $108 to Cleveland Clinic, whereas respondent allowed only $87. Petitioner otherwise submitted no evidence substantiating medical payments not already allowed by respondent. We therefore hold that petitioner has substantiated expenditures of $404.49 for drugs and $469.57 for other medical expenses for 1969 and of $272.62 for drugs and $333.39 for other medical *147 expenses for 1970. Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Section 213, in part, allows medical and drug expenses as deductions only to the extent they exceed 3 percent and 1 percent of adjusted gross income, respectively.↩