GERALD J. AND NANCY G. SAGONA, Petitioners v. COMMISSIONER OR INTERNAL REVENUE, Respondent
Sagona v. Commissioner
Docket No. 2538-76.
United States Tax Court
T.C. Memo 1981-226; 1981 Tax Ct. Memo LEXIS 518; 41 T.C.M. (CCH) 1443; T.C.M. (RIA) 81226; May 5, 1981. Robert M. Tyle, for the petitioners. David R. Smith, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge *519 : This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 1,314.86 and $ 1,986.10, respectively, in petitioners' 1969 and 1972 federal income taxes. We must determine the amount of petitioners' distributive share of a partnership loss in 1972 arising from storm damage to two parcels of partnership property so as to give rise to a deduction under section 165 for 1972. Whether or not and, if so, to what extent petitioners are entitled to a net operating loss carryback deduction *520 under section 172 for 1969 also turns on our resolution of that issue. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners, husband and wife, filed their joint federal income tax returns for 1969 and 1972 with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided at Painted Post, New York. Petitioner Gerald J. Sagona was at all times relevant here a partner having a half interest in a partnership known as J. Kar Enterprises which owned a car wash, a trailer park, and rental property on Front Street (hereinafter referred to as the Front Street property), and rental property on Main Street (hereinafter referred to as the Main Street property) in Addison, New York. The Front Street property and improvements thereon were purchased in 1968 and 1969 at a cost of approximately $ 92,000. The Main Street property was purchased in late 1968 for approximately $ 14,000. The properties were used for partnership business purposes. In 1972, the properties were damaged by flood. At the Front Street property, water rose to a level of three or four feet in the two bays of *521 the car wash and sewage backed up throughout them. The concrete floor and the cinder block walls of the car wash building cracked and its roof, doors, and the car wash equipment were damaged. Some of the 18 trailer pads shifted and the gravel road in the trailer park area was partially washed away. Sewage littered the area. At the Main Street property, the stone and brick basement walls were cracked. The back porch, or loading dock, and the roof were damaged. Only minor repairs were made to cure the flood damages at the Front Street property. The sewage was cleaned up and the area was decontaminated with lime. The road was refilled with gravel and graded. Some fill was put in around the trailer pads. The car wash was never reopened as such. Following the flood, the car washing equipment was removed and the building was temporarily rented for garaging automobiles. Subsequently, it was remodeled and rented as a meat processing facility. The Front Street property has been offered for sale continuously since the flood at $ 75,000 and petitioner Gerald J. Sagona has hoped that the partnership could sell it for about $ 60,000. The partnership made no repairs to the Main Street *522 property. It was sold to the partnership's tenant for $ 11,000 approximately three months after the flood. On its partnership return for the calendar year 1972, J. Kar Enterprises claimed, inter alia, a $ 24,000 loss to the Front Street property ($ 6,000 for the car wash and $ 18,000 for the trailer park) and a $ 12,374.39 loss to the Main Street property. In his notice of deficiencies to petitioners, respondent determined that the partnership incurred no deductible loss with respect to either of those properties. OPINION Under section 702(a)(9), [3] in determining his income tax, each partner shall take into account separately his distributive share of a partnership's taxable income or loss, exclusive of items requiring separate computation under the other paragraphs of section 702(a). The issue here turns on our determination of the amount of the loss resulting from the flood suffered to the property of the partnership known as J. Kar Enterprises, in which petitioner Gerald J. Sagona had a half interest. *523 Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. The proper measure of a loss such as this has generally been said to be the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not exceeding its adjusted basis. Helvering v. Owens, 305 U.S. 468 (1939); Lamphere v. Commissioner, 70 T.C. 391 (1978); sec. 1.165-7(b)(1), Income Tax Regs.
To establish the amount of the loss, the relevant fair market values "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. After the flood, the partnership obtained appraisals of the fair market values of the car wash, trailer park, and Main Street properties before and after the flood from two local real estate agents. The testimony of neither is before the Court and their appraisal reports do not state on what method or methods they were based. The circumstances are such here that we draw no inference from the absence of their testimony that the testimony of these persons would be unfavorable to petitioners, *524 [4] but neither can we give their appraisals any weight.
The opinion of a landowner as to the value of his or her property is admissible in evidence without further qualification because of the owner's special relationship to that property, but we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the self-interests of the taxpayer. While the owners of property are competent to testify as to its value, the weight to be given their testimony will depend upon their knowledge, experience, method of valuation, and other relevant considerations. The only evidence of the properties' pre-casualty and post-casualty values was attempted to be offered through the testimony of petitioner Gerald J. Sagona. Although his testimony could conceivably *525 form the basis of findings of post-casualty fair market values for the properties, [5] it does not support any finding as to either of the properties' pre-casualty fair market value. He stated more than once in his testimony that he is not familiar with real estate values. The partnership had apparently been operating at a loss in prior years. With regard to both properties, his only conception of precasualty values was based upon what they had cost, not any recognized method of valuation. In proper circumstances, the cost of repairs actually made to the damaged premises is acceptable as evidence of the loss of value. See Lamphere v. Commissioner, supra; sec. 1.165-7(a)(2)(ii), Income Tax Regs. Here, however, no repairs were made to the Main Street property and there is no evidence of the cost of the *526 minimal repairs made to the Front Street property. Further, there is no evidence that the cost of the repairs was not deducted as an operating expense of the partnership. All in all, the record here is insufficient to permit us to say that petitioners are entitled to a deduction on account of their partnership loss in 1972 in any amount greater than that allowed by respondent in his notice of deficiencies. Petitioners having failed to carry their burden of proof, see Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, we must sustain respondent's determination. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Paragraph (9) of section 702(a) as in effect for the year at issue has been redesignated as paragraph (8), effective for taxable years beginning after December 31, 1976. Sec. 1901(b)(1)(I), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1791.↩
4. Petitioners unsuccessfully attempted to obtain the testimony of both persons. Their failure to appear as witnesses, therefore, is not unexplained and the "absent witness" rule (see Kean v. Commissioner, 51 T.C. 337, 343-344, affd. on this issue 469 F.2d 1183, 1187-1188↩ (9th Cir. 1972)) is not applicable here.
5. He testified that he was willing to sell the Front Street property for his share of $ 60,000 immediately after the flood and that he believes $ 60,000 would have been a good buy for someone interested in the property. He also testified, and we have found as a fact, that the Main Street property was sold for $ 11,000 about three months after the flood.↩