ROBERT E. AND PATRICIA A. GEER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Geer v. Commissioner
Docket No. 1844-76.
United States Tax Court
T.C. Memo 1981-260; 1981 Tax Ct. Memo LEXIS 476; 41 T.C.M. (CCH) 1597; T.C.M. (RIA) 81260; May 28, 1981. Robert M. Tyle, for the petitioners. Anthony M. Bruce, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *477 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 1,002.71 in petitioners' 1972 federal income tax. Concessions having been made on both sides, the sole question remaining for our determination is the amount of a casualty loss suffered to petitioners' real property in 1972, deductible under section 165(c)(3). FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners, husband and wife, filed their joint federal income tax return for 1972 with the Internal Revenue Service Center at Andover, Massachusetts. At the time they filed their petition herein, they resided at Corning, New York. Petitioners purchased an eighty to one hundred year old house in Corning in June or July of 1969 for $ 12,900. A barn of unknown age was on the property. They used the property as their residence. On June 23, 1972, rainwaters from Hurricane Agnes caused a stream to overflow, washing out a bridge on petitioners' property which carried their driveway over the stream and damaging petitioners' automobile beyond repair. Their basement flooded to a depth of approximately 18 inches, damaging or *478 destroying petitioners' personal property located therein. The yard was littered with rocks and debris. Water collected in the barn to a depth of about three feet. Petitioners' garden was destroyed and their well was contaminated. Cribbing on the stream banks washed away and the banks of the stream were eroded. Petitioners expended $ 864 for materials to repair the bridge, for cleaning the stream bed, to replace topsoil for the stream bank, and for materials to replace the roof of the house. Petitioners and their children put in over 250 hours of their own labor into restoring the property. The parties are in agreement as to the loss to petitioners' personalty. Petitioners received a disaster loan from the Small Business Administration (hereinafter referred to as the SBA) in the amount of $ 1,900, repayment of which was subsequently forgiven. Petitioners now concede that the amount of their casualty loss should be reduced by $ 1,900 by reason of that forgiveness. The storm reduced the fair market value of petitioners' real property by $ 1,100. OPINION Section 165 allows a deduction to individuals for losses not compensated for by insurance or otherwise suffered upon *479 the damage to or destruction of nonbusiness property by reason of fire, storm, shipwreck or other casualty or from theft to the extent that each such loss exceeds $ 100. Sec. 165(c)(3). The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens, 305 U.S. 468 (1939); Millsap v. Commissioner, 46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs. Physical damage to property caused by a flood is clearly a casualty within the purview of section 165(c)(3), and respondent concedes that petitioners suffered some such damage. Respondent does not contest petitioners' claim of the value of their personalty lost in the flood. Petitioners now concede that the amount of the loss should be reduced by $ 1,900, the amount of the SBA loan forgiveness. The only dispute, then, is the amount of the loss to petitioners' realty. The burden of proof rests with petitioners. Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); *480 Axelrod v. Commissioner, 56 T.C. 248, 256 (1971). To establish the amount of the casualty loss, the relevant fair market values "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. Petitioners obtained appraisals of the fair market value of the house before and after the flood from two local real estate agents. The testimony of neither is before the Court and their appraisal reports do not contain any data to support their conclusions. The circumstances are such here that we draw no inference from the absence of their testimony that the testimony of these persons would be unfavorable to petitioners, [3] but neither can we give their appraisals any weight. The opinion of a landowner as to the value of his or her property is admissible in evidence without further qualification *481 because of the owner's special relationship to that property. But, we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the self-interests of the taxpayer. While the owners of property are competent to testify as to its value, the weight to be given their testimony will depend upon their knowledge, experience, method of valuation, and other relevant considerations. Petitioner Robert E. Geer testified that the real estate had a fair market value of $ 17,000 to $ 18,000 immediately prior to the flood and $ 10,000 immediately thereafter. His testimony does not reveal that these valuations are based upon any recognized method or methods of appraisal. Rather, they appear to be subjective values based, in the case of the pre-casualty valuation, upon what petitioners put into their property and, in the case of the post-casualty valuation, temporary fluctuation due to the fact of the flood. Accordingly, we find his valuations to be of little probative value. See Peterson v. Commissioner, 30 T.C. 660, 665 (1958). The matter is not susceptible of precise determination *482 on this record, but, doing the best we can with the materials before us, see Heyn v. Commissioner, 46 T.C. 302, 310 (1966), we have found as a fact that the fair market value of the property decreased $ 1,100 as the result of the damage caused by the flood. In arriving at our determination, we have fully considered the expenses petitioners incurred and their and their children's personal labors to restore the property, the description of the damage, and all the other facts in the record. We have discounted to a great extent the damage to petitioners' barn and roof, discovered after the flood, but not shown not to have been due largely to conditions of deterioration existing before the flood. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners unsuccessfully attempted to obtain the testimony of both persons. Their failure to appear as witnesses, therefore, is not unexplained and the "absent witness" rule (see Kean v. Commissioner, 51 T.C. 337, 343-344 (1968), affd. on this issue 469 F.2d 1183, 1187-1188↩ (9th Cir. 1972)) is not applicable here.