FRANCIS D. AND BRIDGET J. McLAUGHLIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McLaughlin v. Commissioner
Docket No. 1939-76.
United States Tax Court
T.C. Memo 1981-270; 1981 Tax Ct. Memo LEXIS 467; 42 T.C.M. (CCH) 1; T.C.M. (RIA) 81270; June 1, 1981. Robert M. Tyle, for the petitioners. David R. Smith, for the responent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax *468 Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 1,077.74, $ 1,647.28, and $ 381.43, respectively, in petitioners' 1969, 1970, and 1971 federal income taxes. The sole question presented for our determination is the amount of a casualty loss suffered to petitioners' real property in 1972. Whether petitioners are entitled under section 172 to a net operating loss deduction for 1969 in an amount in excess of that determined by respondent and to any net operating loss deductions for 1970 and 1971 and, if so, the amounts thereof, turn upon our resolution of the issue first mentioned above. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are *469 so found. Petitioners, husband and wife, filed their original and amended joint federal income tax returns for 1969, 1970, and 1971 and their joint return for 1972 with the Internal Revenue Service Center at Andover, Massachusetts. At the time they filed their petition herein, they resided at Corning, New York. Petitioners purchased a house in Corning in June of 1960 for $ 16,900. They paid closing costs of approximately $ 340 upon its purchase. Prior to the events hereinafter described they made capital improvements to the property which cost them approximately $ 14,000. Petitioners used the property as their residence. In June of 1972, the property and its contents were damaged by a flood. Water rose to a level of two and a half feet on the first floor. The suspended ceiling in the basement was ruined. Mud covered the floor on the first story. The interior walls, to a height of four feet on the first floor, had to be replaced. One foundation wall was cracked and despite repairs made to it, water still enters the basement in heavy rains. The driveway and main walk were partially broken. Shingles on the exterior siding of the house shrank and faded. The sewer clogged. *470 The yard was littered with debris. Petitioners expended approximately $ 5,076 to make repairs to the realty. They put 4,900 hours of labor into restoring the property. The parties are in agreement that the loss to petitioners' personalty was $ 6,841.54. Petitioners received a disaster loan from the Small Business Administration (hereinafter referred to as the SBA), repayment of $ 5,000 of which was forgiven. Petitioners now concede that the amount of their casualty loss should be reduced by $ 5,000 by reason of that forgiveness. On their 1972 federal income tax return, petitioners claimed a casualty loss deduction of $ 38,281.54, as follows: Damage to realty
$ 31,540.00
Damage to personalty
6,841.54
Total
$ 38,381.54
Less sec. 165(c)(3) limitation
100.00
Loss claimed
$ 38,281.54
Respondent determined that petitioners' deductible loss was $ 13,841.54, as follows: Loss to realty
$ 12,100.00
Loss to personalty
6,841.54
Total
$ 18,941.54
Less: Forgiveness of SBA loan $ 5,000
Sec. 165(c)(3) limitation 100
5,100.00
Loss determined
$ 13,841.54
OPINION Individuals are allowed a deduction for losses not compensated for by *471 insurance or otherwise suffered upon the damage to or destruction of nonbusiness property by reason of fire, storm, shipwreck or other casualty or from theft to the extent that each such loss exceeds $ 100. Sec. 165(c)(3). The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens, 305 U.S. 468 (1939); Millsap v. Commissioner, 46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs. Physical damage to property caused by a flood is clearly a casualty within the purview of section 165(c)(3), and respondent concedes that petitioners suffered some such damage which qualified for deduction. Respondent does not contest petitioners' claim of the value of their personalty lost in the flood. Petitioners now concede that the amount of the loss should be reduced by $ 5,000, the amount of the SBA loan forgiveness. The only dispute, then, is the amount of the loss to petitioners' realty. The burden of proof rests with *472 petitioners. Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); Axelrod v. Commissioner, 56 T.C. 248, 256 (1971). To establish the amount of the casualty loss, the relevant fair market values "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. Petitioners obtained appraisals of the fair market value of the house before and after the flood from two local real estate agents. The testimony of neither is before the Court and their appraisal reports do not contain any data to support their conclusions. The circumstances are such here that we draw no inference from the absence of their testimony that the testimony of these persons would be unfavorable to petitioners, [3] but neither can we given their appraisals any weight. The opinion of a landowner *473 as to the value of his or her property is admissible in evidence without further qualification because of the owner's special relationship to that property. But, we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the self-interests of the taxpayer. While the owners of property are competent to testify as to its value, the weight to be given their testimony will depend upon their knowledge, experience, method of valuation, and other relevant considerations. Petitioner Francis D. McLaughlin testified that the house had a fair market value of $ 31,600 immediately prior to the flood. As willing as we might be to accept that, his testimony regarding the fair market value of the property after the flood was confusing and unpersuasive. The matter is not susceptible of precise determination on this record, but we are confident on the basis of the materials before us that the decrease in the fair market value of the realty resulting from the flood did not exceed the $ 12,100 determined by respondent. Petitioners having failed to carry their burden of proof that they are entitled *474 to a greater deduction, respondent's determination must be sustained. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners unsuccessfully attempted to obtain the testimony of both persons. Their failure to appear as witnesses, therefore, is not unexplained and the "absent witness" rule (see Kean v. Commissioner, 51 T.C. 337, 343-344 (1968), affd. on this issue 469 F.2d 1183, 1187-1188↩ (9th Cir. 1972)) is not applicable here.