T.C. Summary Opinion 2004-80


UNITED STATES TAX COURT


MILTON CRAIG WERNER AND BARBARA K. WERNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14689-02S.                    Filed June 17, 2004.


Milton Craig Werner and Barbara K. Werner, pro sese.

<u>Huong T. Duong</u>, for respondent.


DEAN, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' 1998 Federal income tax of $17,280.84 and an addition to tax under section 6651(a) of $4,370.11 for failure to file timely a Federal income tax return for 1998. Petitioners concede as correct respondent's adjustments for: (a) Taxes of $7,200 deducted on Schedule A, Itemized Deductions; (b) charitable contributions of $9,400 deducted on Schedule A; and (c) the addition to tax under section 6651(a) for failure to file timely. Petitioners also concede that they are entitled to only two dependency exemptions. Respondent concedes that there will be no adjustment for: (1) Capital gain income in the amount of $4,283; or (2) miscellaneous expenses of $86 on Schedule A.

The parties agree that the only issue remaining for decision by the Court is whether petitioners are entitled to deduct on Schedule A casualty and theft losses totaling $37,222.

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Berkeley, California.

## Background

Petitioner Milton Werner has been a teacher most of his career and is now a high school principal. Prior to the year at issue, he accepted a new job "across the bay" in Palo Alto, Callifornia. He and his family sold their home, put their

belongings in "storage units", and rented another residence. Abnormally wet weather during the year caused the storage units to leak badly.

Petitioner Barbara Werner's father, Col. James Richard Kelly, was a former dean of the New Mexico Military Academy. An avid reader and historian, he amassed a large personal library. The collection included books that were leather bound, antebellum, and signed editions. The items were subjected to water damage, most beyond repair.

On Schedule A of petitioners' Federal income tax return, petitioners claimed a casualty loss deduction of $37,222. Included with the return was a Form 4684, Casualties and Thefts, reporting the loss of the books in the amount of $30,000 and the loss of some furniture accounting for the balance of the claimed amount.

During the examination of petitioners' return, petitioners presented to the auditor a copy of an appraisal prepared by an appraiser certified by the International Society of Appraisers. According to the cover letter forwarding the appraisal to petitioner Milton C. Werner:

> The objective of the appraisal, at your request, was to estimate the Fair Market Value of the household furniture prior to damage, and in current damaged condition. The books were appraised at Replacement Value, for the purpose of settling an insurance claim. These values are effective as of the inspection date.

This appraisal is to be used ONLY for the function of settling your insurance claim. Any other use of this appraisal, such as for selling the property or for income tax deduction purposes, renders it null and void.

The appraisal finds that the fair market value of the household furniture prior to damage is $4,315 and in damaged condition the value is $1,140. The replacement value of the books available for valuation was determined to be $2,910, and the "Books and year books badly damaged and thrown away" were "Not valued".

Respondent determined that petitioners had failed to substantiate the casualty loss and denied the deduction in full.

### Discussion

Because petitioners failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case.[1]

Losses may be deductible under section 165 to the extent "not compensated for by insurance or otherwise." In the case of an individual, section 165(c)(3) allows a taxpayer to claim as a deduction any loss from theft or casualty sustained during the taxable year. The loss is allowed only to the extent that it exceeds $100 and the net casualty loss is in excess of 10 percent of adjusted gross income. Sec. 165(h). The amount of the loss

---

[1]Sec. 7491 is effective with respect to court proceedings arising in connection with examinations by the Commissioner commencing after July 22, 1998, the date of its enactment by sec. 3001(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 685, 726.

allowed as a deduction is the lesser of: (1) The fair market value of the property immediately before the loss, or (2) the adjusted basis of the property. Helvering v. Owens, 305 U.S. 468 (1939); sec. 1.165-7(a)(2) and (b), Income Tax Regs.

The basis of property acquired by purchase is its cost. Sec. 1012. The basis of inherited property ordinarily is the fair market value of the property at the date of the decedent's death. Sec. 1014. The basis of property acquired by gift is the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, except that if such basis is greater than the fair market value of the property at the time of the gift, the basis for determining loss is the fair market value of the property. Sec. 1015.

In order for the Court to determine whether petitioners are entitled to a casualty loss, petitioners' basis in the property damaged or destroyed must be known. Where petitioners fail to prove that basis, the Court is unable to determine the amount of the loss that is deductible. Zmuda v. Commissioner, 79 T.C. 714, 728-729 (1982), affd. 731 F.2d 1417 (9th Cir. 1984); Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. 387 F.2d 420 (8th Cir. 1968).

The Court presumes that petitioners acquired the items of furniture by purchase, but they offered no evidence of the acquisition cost of the items. The books that were damaged were

acquired by either gift or inheritance, and petitioners offered no evidence of their basis in the items. As to all of the items, therefore, petitioners have failed to prove their tax basis in the property.

The Court therefore sustains respondent's determination that petitioners are not entitled to deduct on Schedule A, casualty and theft losses totaling $37,222.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be</u>

<u>entered under Rule 155</u>.